BARKDULL, Judge.
Petitioner seeks review of an order of the Career Service Commission, denying the petitioner’s request for a hearing.
The petitioner is a resident of North Miami, Florida. For about six years, he was employed by the Department of Transportation as a security guard in its North Miami Maintenance Yards, at 1655 N.E. 205th *1021 Terrace. During the period of his employment, the petitioner (by his own admission) filed numerous grievance petitions questioning the practice of the Department and his superior. On November 18, 1975, the petitioner was notified[1] that he was being transferred to the Fort Lauderdale Maintenance Yards, at 5548 N.W. 9th Avenue, some 38 miles away. The reason for such transfer was his continuous dissatisfaction with his supervisors and their decisions. The petitioner, not having an automobile, felt that the transfer amounted to a constructive discharge because to use public transportation each way would be an intolerable burden. As a result, he did not report. He was then discharged for having abandoned his position for three consecutive days of unexplained absence.[2] Thereupon, the petitioner submitted a timely appeal form to the Career Service Commission, requesting a hearing on the impropriety of the transfer. The hearing was denied, and the petitioner filed the instant petition for writ of certiorari.
The petitioner contends it was error to deny him a hearing on the propriety of the transfer when, pursuant to Personnel Rule 22A-10.05A, F.A.C., a career employee is entitled to appeal a transfer. By denying him a hearing, the petitioner was deprived of his constitutional right to due process; he was entitled to have a determination of the propriety of his transfer and whether or not he was constructively discharged. We agree. Cf. Wilson v. Pest Control Commission of Florida, 199 So.2d 777 (Fla. 4th D.C.A.1967); Larson v. Florida Real Estate Commission, 227 So.2d 886 (Fla. 4th D.C.A. 1969); Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla.1973).
We return the matter to the State Personnel Director and Career Service Commission with directions to accord the petitioner a hearing, as he requested by his appeal.

. * * * * * *
“The letter you received dated November 13, 1975 in regard to your transfer to Ft. Lauder-dale Maintenance effective November 21, 1975 did not have the appeal form enclosed.
“Enclosed now is the form and a copy of said letter with the schedule.
“As you know, as a Carreer (sic) Service employee with permanent status, you have the right to appeal the transfer to the Career Service Commission within 20 days from receipt of this notice.”
* * * * * *

. ******
“You have been considered to have abandoned your position with the Florida Department of Transportation effective November 21, 1975 due to your unexplained absence on November 22, 25 and 26, 1975.
“You are hereby advised of your right to petition the State Personnel Director for a review of the facts. The decision of the State Personnel Director will be final and binding on all parties. Your petition should be submitted within 20 days from the receipt of this letter to the following address:
“State Personnel Director
Division of Personne-
Carlton Building
Tallahassee, Florida 32304”