ROBERT P. SMITH, Jr., Acting Chief Judge.
The Department of Corrections appeals from a Career Service Commission order of February 6, 1979, purporting to grant a “motion to dismiss” by Gandy, a former *1082 employee of the Department of Corrections, who appealed from the Department’s action on December 9, 1977, dismissing him. After much discovery and other proceedings spanning 23 months, and in mid-hearing on the merits, the Commission itself raised a question of its own jurisdiction and concluded it had none because Gandy’s dismissal by letter-notice on December 9, 1977, was defective in the form of its delivery to Gandy. Notwithstanding the Commission’s conclusion that it had no jurisdiction, the Commission ordered that Gandy be reinstated “with back pay and all other benefits” and an attorney’s fee.
In effect the Commission has not denied its own jurisdiction but has found a “jurisdictional” defect in Gandy’s dismissal by the Department. The asserted fatal defect in the Department’s dismissal was that the Department delivered the written dismissal notice to Gandy personally on the day of his dismissal, and did not send Gandy the notice by certified mail, return receipt requested. Section 110.061(2)(b), Florida Statutes (1977), provides:
Written notice of such appeal shall be filed with the commission within 20 days from the date on which the notice of suspension, reduction in pay, transfer, layoff, demotion, or dismissal is received by the employee. All notices to the employee shall be in writing sent by certified mail with return receipt requested.
The Department of Administration has interpreted Section 110.061(2)(b) as requiring notices of dismissal to be mailed in the manner described, and has promulgated Fla.Admin.Code R. 22A-10.05(2):
Each notice of suspension, reduction in pay, transfer, layoff, demotion or dismissal shall be in writing and such notice shall:
(a) Be sent to the employee by certified mail, return receipt requested, within 5 workdays from the date the action was taken.
(b) Advise the employee of the action taken, the reason for such action, and of the employee’s right to appeal the action to the Career Service Commission.
The Commission appears to have regarded the mailing of the dismissal notice, by certified mail, return receipt requested, as a jurisdictional act, that is, one without which no valid dismissal may be effected. We disagree. In this case Gandy received by hand delivery the dismissal notice on the day he was dismissed; he timely appealed; he claimed no prejudice in fact as a result of having received the notice by hand; and he did not assert, in his notice of appeal to the Career Service Commission, that his dismissal was unjustified or irregular because of the manner in which the dismissal notice was delivered to him.[1] We do not doubt the benefits of certified, receipted mail in demonstrating notice for purposes of fixing the time for appeal; and we do not foreclose the Commission from finding some other form of prejudice in fact in the failure to mail timely notice of dismissal. But absent prejudice, a substitution of personal delivery for certified mail cannot invalidate dismissal action. See Section 120.68(8), Florida Statutes (1977); Florida Dept. of Environmental Regulation v. Florida Career Service Comm’n, 344 So.2d 1292 (Fla. 1st DCA 1977).
*1083 The Commission’s order is REVERSED and the cause remanded for further proceedings.
ERVIN and BOOTH, JJ., concur.

.Gandy’s appeal notice on a Commission form stated:
I feel this action is unjustified and wish to appeal it to the Commission because:
1. The action is solely the result of my winning the District Court of Appeal suit on November 17, 1977 and the Mandate down December 7, 1977.
2. The reasons assigned for termination are contrived, without factual support, and are the result of an effort to harrass me from my career service position.
3. My record is good. This termination took place a few days before I completed 5,000 days with the agency, and was intended to deny me the benefits of that tenure.