FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a final order of the Department of Administration, Career Service Commission and Department of Professional and Occupational Regulation rejecting appellant’s appeal of a transfer and demotion.
Appellant, a career service employee, had been Chief Counsel since 1974 for the Florida Real Estate Commission, headquartered in Orlando. He was classified as an Attorney IV. In 1979, the legislature reorganized the Department of Professional Regulation and all commission attorneys became department staff after July 1, 1979. The department determined that all staff attorneys should be located in Tallahassee. Appellant became aware of his transfer and a demotion to Attorney III at a meeting with two department representatives on September 27, 1979. A letter with this information, dated September 26, 1979, was mailed to appellant by certified mail, return receipt requested, and was intended as official notice. Insufficient postage was affixed and the letter remained unclaimed at the post office despite three notices sent to appellant regarding its presence.
By letter dated October 5,1979, appellant sought clarification, quoting from the department’s September 26, 1979 letter and advising that he had been notified of the demotion at the meeting with the department representatives on September 27. On October 22,1979, the department confirmed the transfer and demotion and advised appellant that should he fail to report in Tallahassee on November 19, 1979, the rules governing abandonment of position under the Personnel Rules and Regulations, section 22A-7.10(2)(a), Florida Administrative Code, would be applied.
On November 5,1979, appellant appealed the transfer and demotion to the Career Service Commission. Appellant did not report for work and was subsequently advised by the department that he had abandoned his position. This action was appealed to the Career Service Commission on January 4, 1980.
The state personnel director advised appellant that his appeal of the demotion and transfer was rejected because the notice of appeal was not filed within twenty days of the notice of the proposed transfer and *1025 demotion. The director determined that appellant was notified by the September 26, 1979, letter.
Appellant's petition for review of the alleged abandonment was also denied because the personnel director determined that appellant had willfully abandoned his position. This appeal followed.
Appellant first contends that to constitute valid notice required by section 110.-227(4), Florida Statutes,[1] sufficient postage to effectuate delivery is required. We agree,[2] but this is not determinative.
The question here is whether the issue is moot because appellant has voluntarily abandoned his position by failing to report for work in Tallahassee. We agree that it is and affirm the department’s rejection of the appeal.
There is no procedure enunciated in chapter 110, Florida Statutes, or in the Personnel Rules implementing chapter 110 which provides that notice of appeal to the Career Service Commission stays the effect of a department decision ordering a transfer. Appellant’s proper course of action would have been to file his notice of appeal and report as ordered. By failing to report, appellant voluntarily abandoned his position and with it, his right to appeal.
AFFIRMED.
COBB and COWART, JJ., concur.

. Section 110.227(4), Florida Statutes (1979).
Any permanent career service employee subject to reduction in pay, transfer, layoff, or demotion shall be notified in writing by the agency prior to its taking such action. Such notice shall be sent by certified mail with return receipt requested. Such actions shall be appealable to the Career Service Commission, pursuant to rules adopted by the department.
Rule 22A-10.05, Florida Administrative Code, implements the above section and provides in part:
(2) Each notice of suspension ... transfer ... demotion, or dismissal shall be in writing and such notice shall:
(a) Be sent to the employee by certified mail, return receipt requested, within 5 workdays from the date the action was taken.
(b) Advise the employee of the action taken ... and ... of the employee’s right to appeal the action to the Career Service Commission.
(3) If an employee wishes to appeal ... the employee shall:
(a) Within 20 calendar days from the date of receipt of notice from the agency, advise the State Personnel Director in writing of the employee’s desire to appeal the agency’s action to the Career Service Commission.

. In Department of Corrections v. Gandy, 374 So.2d 1081 (Fla. 1st DCA 1979), the court held that even though an employee’s dismissal notice had been delivered personally rather than by certified mail as required by statute, his dismissal could still be effected absent a showing of prejudice. The court disagreed with the view that the mailing requirements were jurisdictional.
In the case before us, there was no delivery. There was no showing that appellant was even aware of the origin of the letter at the post office.