411 So.2d 184 (1982)
Howard HADLEY, Petitioner,
v.
DEPARTMENT OF ADMINISTRATION, Career Service Commission, and Department of Professional & Occupational Regulation, Respondents.
No. 60321.
Supreme Court of Florida.
March 4, 1982.
*185 Geoffrey B. Dobson of Meredith, Dobson & Cushman, St. Augustine, for petitioner.
Drucilla E. Bell, Asst. Gen. Counsel, Dept. of Professional Regulation, Tallahassee, for respondents.
PER CURIAM.
By notice invoking our discretionary jurisdiction, we have for review a decision of the District Court of Appeal, Fifth District (Hadley v. Department of Administration, etc., 392 So.2d 1023 (Fla. 5th DCA 1981), on grounds that it expressly and directly conflicts with a prior decision of the District Court of Appeal, Third District (Engel v. State Department of Transportation, 341 So.2d 1020 (Fla.3d DCA 1977)). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner, Howard Hadley (hereinafter petitioner), was chief counsel for the Florida Real Estate Commission headquartered in Orlando from 1974 to 1979. In 1979, as part of the reorganization of the Department of Professional and Occupational Regulation (hereinafter department), petitioner and all other attorneys employed by the real estate commission were notified that they were to become department staff and would be transferred to the department's Tallahassee headquarters. The changes also required that petitioner be demoted from the position of Attorney IV to that of Attorney III.
The department mailed petitioner a certified letter explaining the planned transfer on September 26, 1979. Petitioner never claimed the letter, which contained insufficient postage, from the post office, but learned of his transfer and demotion at a meeting with two departmental representatives on September 27, 1979.
On October 22, 1979, the department, in response to a letter from petitioner dated October 5, 1979, confirmed the transfer and demotion and informed him that he was to begin work in Tallahassee on November 19, 1979. He was also notified that failure to report on that date would result in application of Rule 22A-7.10(2)(a), Florida Administrative Code, which provides:
An employee who is absent without authorized leave of absence for 3 consecutive workdays shall be deemed to have abandoned the position and to have resigned from the Career Service. An employee who separates under such circumstances shall not have the right of appeal to the Career Service Commission; however, any such employee shall have the right to petition the Department of Administration for a review of the facts in the case and a ruling as to whether the circumstances constitute abandonment of position.
*186 By notice dated November 5, 1979, petitioner appealed his transfer and demotion to the Career Service Commission [hereinafter commission]. In reviewing the appeal, the Director of Personnel, Career Service Commission, Department of Administration, found that petitioner had been notified of the transfer by the department's letter of September 26, despite his failure to claim the same from the post office, inasmuch as he had admitted to knowledge of the information which the letter contained. The director thus rejected petitioner's appeal because it did not comply with Rule 22A-10.05(a), Florida Administrative Code, which requires that such an appeal be filed within twenty days of notice of the action being appealed.
On December 12, 1979, petitioner was notified by the department that because of his failure to report for work in Tallahassee on November 19, he was considered to have abandoned his position. Petitioner appealed the abandonment ruling to the commission, contending that, in fact, he had been improperly dismissed by the department. On review, the director of personnel disagreed, finding that petitioner's "refusal and failure to report for duty constitutes willful abandonment of position, as contemplated by the State Personnel Rules and Regulations."
Following the Department of Administration's final decision, petitioner appealed the same to the District Court of Appeal, Fifth District, arguing that the Department of Professional and Occupational Regulation's failure to affix sufficient postage to its letter of September 26 prevented the same from constituting notice. The district court agreed, but found the question moot because petitioner had "voluntarily abandoned his position by failing to report for work in Tallahassee." Hadley v. State at 1025. The court further observed as follows:
There is no procedure enunciated in chapter 110, Florida Statutes, or in the Personnel Rules implementing chapter 110 which provides that notice of appeal to the Career Service Commission stays the effect of a department decision ordering a transfer. Appellant's proper course of action would have been to file his notice of appeal and report as ordered. By failing to report, appellant voluntarily abandoned his position and with it, his right to appeal.
Id. at 1025. The petition for review by this Court followed the district court's decision.
Petitioner argues that the due process clauses of the United States and Florida constitutions require that a career service employee found to have "abandoned" his job pursuant to Rule 22A-7.10(2)(a), be given a hearing before the commission. We do not agree, however, that petitioner's due process rights were violated, and are of the opinion that the procedures followed herein, which were those established by the rules, provide adequate safeguards for one in his situation.
Petitioner cannot question the propriety of the personnel director's ruling on his appeal of transfer. Although he failed to timely file his petition for appeal and thus had the same rejected, he was given the opportunity for a hearing on the rejection. We find no shortcomings in that portion of the proceedings.
Regardless of the preceding, petitioner contends that the commission's failure to provide him a hearing on the department's determination of abandonment violated his due process rights. We disagree.
As noted earlier, under the terms of rule 22A-7.10(2), one who is deemed to have abandoned his job and resigned by virtue of an unauthorized absence of three consecutive workdays has no right of appeal to the commission. Such a person may, however, petition the Department of Administration for review of the facts in the case and a ruling as to whether the circumstances constitute abandonment. Petitioner did so here, and the director of personnel affirmed the finding of abandonment after reviewing the facts.
Contrary to respondent's explanation of the process, the department's ruling on the petition for review was final and binding on *187 both parties. Respondent apparently confuses the procedure to be followed in an appeal of a ruling of abandonment with that to be followed in an appeal of a transfer ruling; its brief states that petitioner, pursuant to rule 22M-2.04(2)(b), had an opportunity to appeal the director of personnel's affirmance of the abandonment ruling in writing or in an informal proceeding and thus that there was an opportunity for the hearing required by due process. That is incorrect. Rule 22M-2.04(2)(b) pertains to appeals before the commission and did not apply to the appeal of the ruling of abandonment. The director of personnel's ruling was final, and the correct course of action after its rendition was an appeal to the district court. That is not to say, however, that we agree with petitioner that he was denied his rights by the established procedure.
As we have noted in the past, "[t]he extent of procedural due process protections varies with the character of the interest and nature of the proceeding involved." In Interest of D.B., 385 So.2d 83, 89 (Fla. 1980). The United States Supreme Court observed similarly in stating that "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." Matthews v. Eldridge, 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). There is, therefore, no single, unchanging test which may be applied to determine whether the requirements of procedural due process have been met. We must instead consider the facts of the particular case to determine whether the parties have been accorded that which the state and federal constitutions demand.
We are of the opinion that petitioner was given sufficient notice and opportunity to be heard. When informed by the department that he was considered to have abandoned his job, petitioner was entitled to, and indeed did, petition the state personnel director for a review of the facts of the case in order to determine whether the circumstances thereof constituted abandonment. The personnel director reviewed the facts and by letter detailed his reasons for affirming the finding of abandonment. The procedure that was followed assured petitioner a chance to explain his objections to an impartial third party and provided him an explanation of why the reviewing authority ruled as it did.
Several considerations further convince us that petitioner's due process rights were protected. First, "procedural due process in the administrative setting does not always require application of the judicial model." Dixon v. Love, 431 U.S. 105, 115, 97 S.Ct. 1723, 1729, 52 L.Ed.2d 172 (1977). Thus the formalities requisite in judicial proceedings are not necessary in order to meet due process requirements in the administrative process. The observations made by this Court in State ex rel. Williams v. Whitman, 116 Fla. 196, 150 So. 136, 156 So. 705 (1934), regarding proceedings before the state board of dental examiners are relevant here:
[C]harges before boards, such as the state board of dental examiners, need not be stated with the technical nicety or formal exactness required of pleadings in the courts, nor are the proceedings before the board required to conform in every respect to that controlling in strictly judicial proceedings.
* * * * * *
[I]n such proceedings it is sufficient if the accused is informed with reasonable certainty of the nature and cause of the accusation against him, has reasonable opportunity to defend against attempted proof of such charges, and the proceedings are conducted in a fair and impartial manner, free from any just suspicion of prejudice, unfairness, fraud, or oppression.
Id. 156 So. at 709-10. The proceedings pertaining to petitioner's abandonment his job complied with the standards enunciated in Whitman.
Another factor which must be considered in determining the propriety of the procedure followed is the competing interests of the parties involved. In City of Miami v. St. Joe Paper Co., 364 So.2d 439 (Fla. 1978), we observed as follows:

*188 In determining whether state action violates due process principles, a court must choose between protecting the individual's guaranteed rights on one hand and the welfare of the general public on the other. This method of determining whether a state meets the requirements of due process is called the "balancing of interest" test.
Id. at 444.
Petitioner's interest was in retaining his job and being accorded a sufficient hearing and he argues that the commission should be required to determine whether he actually abandoned his job. The state and public, however, have an interest in replacing public employees that do not work. Rule 22A-7.10(2)(a) recognizes that interest and, by facilitating elimination of those who do not report to work for a certain time, promotes it.
Considering the interests involved here, job security and retention as opposed to swift replacement of ineffective public employees, we think that the rule strikes a fair compromise. Petitioner was granted review of the abandonment ruling, but the state was not forced to go through an extended formal procedure. The balance struck accorded petitioner that which he is due, but recognized and promoted the public's interest.
We also note that petitioner was assured judicial review of the administrative proceedings leading to the determination of abandonment. While subsequent judicial proceedings do not justify the lack of notice and a hearing at the administrative level, it is, in this case, added assurance that petitioner received the consideration which due process requires.
Petitioner cites the Engel decision as proof that his due process rights were violated, but we find his reliance thereon to be misplaced. In that case, Mr. Engel was notified by his employer, the Department of Transportation, that he was being transferred to a workplace thirty-eight miles from his home. Since he did not have an automobile, Mr. Engel felt that the transfer was, constructively, a discharge. When he failed, for three days, to report for work at the assigned place, he was found to have abandoned his job. Thereafter he filed a timely appeal with the Career Service Commission requesting a hearing on the propriety of the transfer. The request was denied.
On review, the District Court of Appeal, Third District, found that the Department of Transportation had erred in denying the hearing on the propriety of the transfer. Noting that Rule 22A-10.05A, Florida Administrative Code, guarantees a career employee an appeal of a transfer, the court observed as follows:
By denying him a hearing, [Mr. Engel] was deprived of his constitutional right to due process; he was entitled to have a determination of the propriety of his transfer and whether or not he was constructively discharged.
Engel at 1021.
Petitioner argues that Engel and several other cases cited establish that an employee is entitled to a hearing on whether the failure to report to a new job location upon being transferred constitutes abandonment of employment. Petitioner further argues that in his case the district court, in effect, held that the state personnel director's determination of abandonment is not appealable and that no due process hearing need be held. We, however, disagree with petitioner's interpretation of the case.
There are several significant distinctions between the facts in Engel and those in the case at bar. The petitioner and Mr. Engel both requested hearings on the transfers ordered by their employers, both of which were refused. The third district court specifically noted that Mr. Engel's request was timely filed. In contrast, petitioner's was not. Rule 22A-10.05(3)(a) provides that a permanent status employee has twenty days in which to appeal to the commission any transfer, if he desires to do so. Thus, the department's rules provided petitioner the opportunity for a hearing on the propriety of his transfer, and it was by his neglect alone that said opportunity was lost. There was no similar justification for the denial of a hearing for Mr. Engel, and so the third *189 district court properly ordered that he be provided that which the rules guaranteed. The due process violation which was remedied in Engel was not present in the case sub judice.
Petitioner also relies on Engel as support for his argument that due process requires that he be given a hearing before the commission on the matter of whether he actually abandoned his job or was constructively dismissed. Again, however, there are distinctions in the facts of the two cases.
The third district held that Mr. Engel "was entitled to have a determination of the propriety of his transfer and whether or not he was constructively discharged." Engel at 1021. The court then ordered that the state personnel director and commission accord Mr. Engel the requested hearing. We interpret the district court's decision as requiring that the commission provide a hearing on the propriety of the transfer and that the state personnel director review the question of whether Mr. Engel's actions constituted abandonment of position. We do not agree with petitioner that the third district held that due process mandates a hearing before the commission on the abandonment question.
Our interpretation of the Engel ruling complies with the provisions of Rule 22A-7.10(2)(1), which provides, with regard to one who is deemed to have abandoned his job:
An employee who separates under such circumstances shall not have the right of appeal to the Career Service Commission; however, any such employee shall have the right to petition the Department of Administration for a review of the facts in the case and a ruling as to whether the circumstances constitute abandonment of position.
Petitioner's argument that the Engel decision mandates a hearing, on the question of abandonment, before the commission rings hollow. The Engel court ordered a hearing before the commission on the propriety of a transfer because Mr. Engel had timely requested the same. Petitioner's request was untimely. As for the abandonment question, the Engel court ordered a review of the facts by the state personnel director. Petitioner was accorded that review. Nothing more is required.
We also disagree with petitioner's contention that the availability of an appeal to the commission, when there are conflicting facts or a dispute over whether the employee's acts constitute abandonment, is a matter for determination by the commission. Rule 22M-2.04(2)(b) states that the state personnel director, in addition to determining whether an appeal has been timely filed, is to "determine whether the appeal is within the subject matter jurisdiction of the Commission." It is thus his responsibility to decide whether there was an abandonment, and if the appealing party is not satisfied with said decision, it may pursue the challenge procedure established by the rule. The commission itself does not review rulings of abandonment to determine whether they are valid.
In closing, we consider petitioner's contention that he was not given valid notice of the planned transfer because the department failed to affix sufficient postage to the letter informing him of the plans. As noted before, the district court agreed with petitioner on this point but found that the issue was moot because petitioner had voluntarily abandoned his job. We do not agree that the notice given was flawed as a result of the insufficient postage, because petitioner clearly demonstrated a complete familiarity with the contents of the letter and because department personnel, when they met with petitioner, thoroughly explained the planned changes. The record indicates that petitioner was well aware of the department's plans and of what he could and should do in response thereto, and persuades us that the notice given was sufficient.
Having considered each of the points on review, and finding that none warrant reversal of the district court's ruling herein, the same is hereby approved.
It is so ordered.
*190 ADKINS, Acting C.J., and BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.