436 So.2d 287 (1983)
FLORIDA STATE UNIVERSITY, Appellant,
v.
Roy Clarence BROWN, Appellee.
No. AM-255.
District Court of Appeal of Florida, First District.
July 29, 1983.
Gerald B. Jaski, Gen. Counsel, Tallahassee, for appellant.
Michael A. Rome of Legal Services of North Fla., Inc., Tallahassee, for appellee.
PER CURIAM.
Appellant appeals a final order of the Secretary of Administration finding that appellee did not abandon his position,[1] but rather involuntarily resigned through a combination of circumstances which were in part the responsibility of appellant, and ordering appellant to reemploy appellee by a reinstatement position. We reverse.
*288 Appellee was employed as a postal clerk at the University. On November 2, 1981, he was arrested and placed in county jail. The following day, appellant's personnel technician visited appellee in jail and advised him to request a leave of absence for the period of incarceration prior to trial. Pursuant to that advice, appellee signed an agency leave form requesting a leave of absence without pay for 20 days commencing November 23, 1981. That request was subsequently granted. Thereafter, appellee failed to post bond for his release pending trial and was thus still incarcerated on November 23, the day he was to return to work. On November 30, 1981, appellant wrote to appellee notifying him of his separation from employment due to his unauthorized absence from work on November 23, 24, and 25, 1981. Said notification, which was sent by certified mail to the address stated on appellee's W-4 form, was returned unclaimed.
On March 1, 1982, one day following his release from prison, appellee sought unsuccessfully to return to work. The record shows that between November 3, 1981, the date of appellee's initial request for leave, and March 1, 1982, appellee never contacted the employer to request an extension of leave.
In the order sought to be reviewed, the Secretary concluded that the burden was on the employee to request a leave of absence and that the granting of same was a discretionary right of management. Nevertheless, the Secretary determined that, since appellant initially undertook a "ministerial role" at the time of appellee's arrest by advising appellee, it was incumbent upon appellant to continue that role by the same method and mode, and to thus further keep appellee advised of his leave status. By this view, it was appellant's obligation to contact appellee in jail in order to accord him the opportunity to request further leave.
The order of the Secretary, although not specifically articulated, is essentially one founded upon the principles of equitable estoppel, which require a representation as to a material fact that is contrary to a later asserted position, reliance on that representation, and a change in position detrimental to the party claiming the estoppel. Long v. Department of Administration, Division of Retirement, 428 So.2d 688 (Fla. 1st DCA 1983); Department of Revenue v. Anderson, 403 So.2d 397 (Fla. 1981).
The agency's undertaking in this case of a humanistic role in seeking to assist its employee is not an instance or circumstance calling for the application of the doctrine of equitable estoppel, and the agency was not thereby obligated to excuse the employee's failure to request an extended leave of absence. Even were this an appropriate case for application of the doctrine, appellee has failed to establish either a representation as to any material fact or sufficient reliance upon the agency's prior actions or conduct. Accordingly, the order of the Secretary is reversed.
BOOTH, WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] Section 22A-7.10(2)(a), Florida Administrative Code, provides, in relevant part, that:

An employee who is absent without authorized leave of absence for three consecutive workdays shall be deemed to have abandoned the position and to have resigned from the Career Service.
Section 22A-14.01(1), Florida Administrative Code, defines, abandonment of position as:
[T]he unauthorized absence by an employee from the employee's position for 3 consecutive workdays.