LEHAN, Judge.
The Department of Transportation (hereinafter the DOT) appeals a final order of *377 the Department of Administration (hereinafter the DOA) reinstating appellee’s employment with the DOT. We reverse.
In its order the DOA rejected the hearing officer’s conclusion of law to the effect that even though the employee, in taking more than three days vacation without written authorization, probably believed that his absence was authorized, Florida Administrative Code rule 22A-7.010 required that the employee be deemed to have resigned. That rule provides:
(2) Abandonment of Position.
(a) An employee who is absent without authorized leave of absence for 3 consecutive workdays shall be deemed to have abandoned the position and to have resigned from the Career Service.
The employee testified to the effect that in spring 1986 he had discussed with his supervisor taking a vacation that summer and that he understood that the supervisor consented. He also testified that he did not request leave in writing because in the past the DOT would prepare and process the paperwork which he would simply sign. On the occasion in question here, however, no paperwork was prepared. When the employee returned from vacation, he was notified by the DOT that he was deemed to have resigned. The basis of the rejection of the hearing officer’s conclusion was the DOA’s conclusion that the employee “had done all that he believed was required of him.” As the DOT points out on appeal, that DOA conclusion was implicitly that the DOT was equitably estopped to deny that the employee was authorized to take the vacation.
It is clear that the employee, by his absence without written authorization, is deemed to have resigned pursuant to Florida Administrative Code rule 22A-7.-010(2)(a). See Hadley v. Department of Administration, 411 So.2d 184 (Fla.1982).
The issue is whether the DOA was correct in concluding that, notwithstanding that rule, the DOT was equitably estopped. We conclude that the DOA was not correct.
In Florida State University v. Brown, 436 So.2d 287 (Fla. 1st DCA 1983), the First District Court of Appeal concluded that no equitable estoppel existed from past conduct of an employer so as to preclude the employer’s enforcement of rule 22A-7.-010(2)(a). So also in this case we conclude that there was no equitable estoppel. In Brown, although up to a point conduct of the employer had led the employee to believe that no further action by the employer was necessary to excuse the employee’s absence from work for three or more consecutive days, it was concluded that there was no representation by the employer upon which the employee could reasonably have relied that that conduct would continue. In this case, although the employer’s conduct in the past in preparing and processing leave papers may, as the DOA found, have led the employee to believe that the employer would continue to do so in the future, there was no representation by the employer that the employee could take leave without actually signing such papers.
Accordingly, there was no proper basis for the DOA to reject the hearing officer’s conclusion of law that the employee must be deemed to have resigned.
Reversed and remanded for proceedings consistent herewith.
SCHEB, Acting C.J., and SCHOONOVER, J., concur.