PER CURIAM.
The Department of Corrections (DOC) appeals a final order of the Department of Administration which ordered the reinstatement of appellee as a correctional officer. We affirm.
On June 4, 1989, appellee was arrested. He was scheduled to work at his job at DeSoto Correctional Institution on the day of his arrest. The parties stipulated that appellee’s supervisor was notified on June 4th of appellee’s arrest. Eight days later, appellee posted bond and was released from jail. Sometime thereafter, the charge against appellee was dropped.
On the day of his release, June 12, 1989, appellee contacted DOC about returning to work; DOC, however, had already sent notice to appellee that he was deemed to have abandoned his employment by virtue of a consecutive three day absence without permission. Appellee received that notice on the 8th, and thereafter requested a hearing.
In lieu of an evidentiary proceeding, the parties executed a stipulation of facts, and each submitted a memorandum of law. The hearing officer for the Department of Administrative Hearings accepted the stipulation of facts and found, as a matter of law, that the facts rebutted the presumption that appellee intended to abandon his position. Accordingly, the hearing officer recommended that appellee be reinstated in his position.
DOC took exception to the recommended order, arguing that while appellee was unable to control his whereabouts due to his arrest and while DOC did know the whereabouts of its employee, appellee nevertheless was obliged to inform DOC of his absence and to seek authorization for it. DOC cited as authority for that argument, Florida State University v. Brown, 436 So.2d 287 (Fla. 1st DCA 1983).
The Department of Administration (DOA) accepted the findings made in the recommended order and agreed that DOC had failed to sustain its burden of proving abandonment. In so ruling, DOA stated: “Human experience teaches us that a request for leave cannot always be made in advance and approved before the leave must be taken.” DOA distinguished Florida State University v. Brown, supra, from the instant case.
We agree that Brown is distinguishable from the case before us. In that case, an employee at Florida State University (FSU) was arrested and put in county jail on November 2, 1981. A personnel officer from FSU visited the employee in jail on the following day and advised the employee to request a leave of absence. The employee did make such a request and was given a twenty day leave of absence. The employee failed to post bond, and so he could not report to work when his leave expired. He did not contact FSU to seek additional leave. On November 30, FSU sent the employee notice that he had lost his position due to his unauthorized absence. Notice was sent via certified mail which was returned unclaimed. On March 1, 1982, the day after the employee was released from prison, he contacted FSU, *537 for the first time since November 3, 1981, about returning to work. The Secretary of Administration considered the case and found that because FSU had initially undertaken a ministerial role at the time of arrest by advising the employee about the need to request leave, it was incumbent upon FSU to keep the employee advised of his leave status. On review, this court rejected the application of equitable estop-pel principles and found FSU was not obligated to excuse the employee’s failure to request an extended period of leave.
The facts in Brown did not rebut the presumption embodied in Rule 22A-7.-010(1), Florida Administrative Code, that an employee who is absent without leave for three consecutive work days has abandoned his position. However, given the facts of the instant case, the hearing officer and the Secretary of the Department of Administration found the presumption was rebutted. We cannot say on the record before us that the DOA Secretary erred in concluding the appellee did not intend by his conduct to abandon his job. Nor do we believe that DOA’s final order must be reversed because of the reference to a stipulation of fact which did not actually exist. The DOA Secretary had stated that the parties stipulated that appellee had no access to a telephone during his eight day incarceration; no such stipulation was in fact made. The Secretary accepted the hearing officer’s findings of fact which did not include any reference to appellee’s inability to use the telephone. Further, it is evident that the Secretary gave little weight to this supposed fact because the Secretary, in summarizing the evidence to support her conclusion that DOC failed to sustain its burden of proving appellee’s actions were tantamount to a resignation, made no mention of this supposed stipulated fact.
Accordingly, the Department’s order reinstating appellee is AFFIRMED.
SHIVERS, C.J., and SMITH and NIMMONS, JJ., concur.