PATTERSON, Judge.
A.J. and J.C. appeal from a final order of the Department of Health and Rehabilitative Services (HRS) which denies their request for expunction and confirms the report declaring them to be guilty of abuse, neglect, or exploitation of C.J., an aged and disabled adult. We affirm the final order as to A.J., the guardian, and reverse as to J.C., a chiropractic physician.
In 1988, A.J. was appointed guardian of C.J., a seventy-nine-year-old man adjudicated to be incapacitated. J.C., a chiropractor, is her husband. In October 1991, HRS rendered an abuse report determining the guardian and the chiropractor to be guilty of “improper management/exploitation of an aged person.” The report concluded that the chiropractor had received $14,860 from the guardianship estate for physical therapy which he had not performed and that the guardian had expended guardianship funds for a TV, a VCR, 235 video tapes, shoes, and clothing for her own use and benefit.
On December 17, 1991, the guardian and the chiropractor, through their attorney, requested that HRS amend or expunge the report as being unsubstantiated. HRS denied their request and they sought a formal administrative hearing pursuant to section 120.57, Florida Statutes (1991).
After a full evidentiary hearing, the hearing officer entered a recommended order on September 18, 1992. In that order, he made the following findings. For a period of twenty to twenty-one months, the chiropractor visited the ward 104 times and provided physical therapy. HRS did not prove that the therapy provided was unfair or unreasonable. The chiropractor provided the physical therapy services for which he charged the guardianship. The guardian bought with guardianship funds: (1) 235 videotapes at a cost of $4,170, almost all of which were kept at her home; (2) a television/VCR for $377, which was stored in a closet in her home; (3) clothing worth $1,529, none or little of which was found in the ward’s nursing home room; and (4) a $185 pair of woman’s shoes. The circuit court refused to approve the guardian’s annual guardianship report covering the period from May 1, 1990, through April 30, 1991.
Based on these findings, the hearing officer reached the following conclusions of law: (1) the payment to the guardian’s husband for physical therapy was improper under section 744.446(2)(d), Florida Statutes (1991),[1] which constitutes “exploitation,” and (2) it can be inferred from the available evidence that the guardian and her husband enjoyed the use of the videotapes that were stored in their home and that the guardian purchased the tapes primarily for the couple’s own benefit. Similarly, it can be inferred that the guardian and her husband used and enjoyed some of the clothing the guardian bought. This constitutes exploitation. He then recommended:
Based on the foregoing Findings of Fact and Conclusions of Law, it is recommended that the Petitioner, the Department of Health and Rehabilitative Services (HRS), enter a final order: (1) amending proposed confirmed report # 91-098530 as reflected in this Recommended Order; and (2) classifying the report, as amended, as confirmed as to both A.J. and J.C.
The hearing officer recommended the amendment of the proposed confirmed report to reflect his finding that the chiropractor *1189 had in fact performed the services that the initial report asserted he did not. On November 17,1992, HRS entered its final order which adopted the findings of fact and conclusions of law of the hearing officer and confirmed the abuse report.
On appellate review, the findings of an agency will not be overturned unless they are unsupported by competent substantial evidence. Dravo Basic Materials Co. v. State DOT, 602 So.2d 632 (Fla. 2d DCA 1992); Board of County Comm’rs of Pinellas County v. Clearwater, 440 So.2d 497 (Fla. 2d DCA 1983). Applying this standard to the record before us, we hold that the record contains competent-and substantial evidence to support the charges against A.J., the guardian. As to the guardian, we therefore affirm.
The chiropractor is another matter. He was found to be not guilty of the only charge levied against him in the initial report. After the close of the evidence, the hearing officer elected to substitute a new charge of exploitation which was predicated on the chiropractor having received payments which the guardian wrongfully made under section 744.446(2)(d) and the inference, totally unsupported by the record, that the chiropractor benefited from his wife’s unauthorized purchases.
It is undisputed that both the guardian and the chiropractor were ignorant of the conflict statute and ceased the unauthorized payments immediately after the guardianship attorney advised them of the law. The statute addresses unauthorized payments by a guardian and places no sanctions on the recipient of those payments. Having provided in good faith the services for which he charged, the chiropractor cannot be found guilty of exploitation under the facts of this case. Even if the contrary conclusion could be reached, it was improper for the hearing officer to predicate guilt on a charge not made and which the record reflects the chiropractor made no attempt to defend. Although the concepts of due process in an administrative proceeding are less stringent than in a judicial proceeding, they nonetheless apply. See Hadley v. Department of Admin., 411 So.2d 184 (Fla.1982).
We therefore reverse the final order as to J.C., the chiropractor, and remand with directions that HRS enter its order expunging his name from the abuse registry.
Affirmed in part; reversed in part.
FRANK, C.J., and BLUE, J., concur.

. 744.446 Conflicts of interest; prohibited activities; court approval.—
(2) Unless prior approval is obtained by court order, or unless such relationship existed prior to appointment of the guardian and is disclosed to the court in the petition for appointment of guardian, a guardian may not:
(d) Directly or indirectly purchase, rent, lease, or sell any property or services from or to any business entity of which the guardian or his spouse or any of his lineal descendants, or collateral kindred, is an officer, partner, director, shareholder, or proprietor, or has any financial interest.