SHAHOOD, Judge.
In this case, we review a county court order declaring chapter 94-342, Laws of Florida, codified as sections 960.07, et. seq., Florida Statutes (1994), to be unconstitutional. We have jurisdiction pursuant to rule 9.030(b)(1)(A), Florida Rules of Appellate Procedure (1996), and reverse the county court’s order. See also State v. Block, 428 So.2d 782 (Fla. 4th DCA 1983); § 26.012(1), Fla. Stat. (1993).
Eric Ilkanic (“Ilkanic”) was convicted of trespass after warning, a second degree misdemeanor, and sentenced to 45 days in the Fort Lauderdale jail. The City of Fort Lauderdale (“the City”) then moved the court to impose a lien on Ilkanic in the amount of $50.00 per day for each day of incarceration, pursuant to section 960.293(2)(b). The county court judge denied the motion and entered an order declaring chapter 94-342 unconstitutional in its entirety. He found that the law violates the Equal Protection and Due Process provisions of the United States and Florida constitutions, that it is unconstitutionally vague, and that it is unconstitutional because it imposes excessive fines.
The test to determine whether a statute violates due process rights is whether it “bears a reasonable relationship to a permissive legislative objective and is not discriminatory, arbitrary or oppressive.” Folmar v. Young, 591 So.2d 220, 224 (Fla. 4th DCA 1991) (citing Village of North Palm Beach v. Mason, 167 So.2d 721 (Fla.1964); Loxahatchee River Envtl. Control Dish v. School Bd. of Palm Beach County, 496 So.2d 930 (Fla. 4th DCA 1986), affirmed, 515 So.2d 217 (Fla.1987). The manner in which due process protections apply varies with the character of the interests and the nature of the process involved. Hadley v. Department of Admin., 411 So.2d 184, 187 (Fla.1982). There is no single, inflexible test by which courts determine whether the requirements of procedural due process have been met. Id. The relevant consideration, therefore, is “whether the parties have been accorded that which the state and federal constitutions demand.” Id.
The expressed legislative intent in passing the Civil Restitution Lien and Crime Victims’ Remedy Act at issue in the ease at bar is as follows:
The Legislature finds that former approaches to the problem of compensating crime victims through restitution have proven inadequate or have been inconsistently applied in many cases. The Legislature also finds that there is an urgent need to alleviate the increasing financial burdens on the state and its local subdivisions caused by the expenses of incarcerating convicted offenders.
§ 960.29, Fla. Stat. (1995). The Legislature states that “[t]his civil restitution lien act rests upon the principle of remediation and not punishment, which is meted out by criminal sanctions afforded by law.” § 960.29(3)(b), Fla. Stat. (1995).
With regard to the state’s costs, the Legislature mandates that “[i]f the conviction is for an offense other than a capital or life felony, a liquidated damage amount of $50 per day of the convicted offender’s sentence shall be assessed against the convicted of *565 fender and in favor of the state or its local subdivisions.” § 960.293(2)(b), Fla. Stat. (1995). In Rosero v. State, 668 So.2d 1114 (Fla. 4th DCA 1996), we held that section 960.293 creates a civil lien remedy and the amounts listed in subsection one are reasonable estimates of losses incurred by crime victims. Similarly, we now hold that a liquidated damage of $50 per day, pursuant to subsection two, is reasonable compensation to the state for costs incurred in incarcerating convicted offenders and bears a reasonable relationship to the valid legislative purpose of alleviating the burden of incarcerating criminal offenders. See § 960.293(2)(b)j Fla. Stat. (1994).
Due process requires also that in order to assess costs against a defendant, he must be provided adequate notice of the costs to be assessed and an opportunity to be heard. State v. Beasley, 580 So.2d 139 (Fla. 1991); Jenkins v. State, 444 So.2d 947 (Fla. 1984). The defendant’s ability to pay shall be determined when the state seeks to enforce payment. Beasley, 580 So.2d at 142. The supreme court has held that publication of such a cost provision places all citizens on constructive notice and is adequate for due process purposes. Id.
In this case, we find that Ukanic had both actual and constructive notice of the state’s intent to seek costs. Since the court found the statute to be unconstitutional, however, it denied the state’s motion to impose a hen without reaching the issue of Ilkanic’s ability to pay costs. Without further discussion, we therefore hold that the statute is not constitutionally infirm on due process grounds or for any of the other reasons cited by the lower court. We reverse the county court’s ruling and remand for further proceedings.
STONE, J., and RAMIREZ, JUAN, Associate Judge, concur.