BLUE, Chief Judge.
Henry Ross appeals the final order by the Department of Environmental Protection (DEP) that adopted an administrative law judge’s order dismissing Ross’s petition as a sanction for discovery violations. Ross argues that he did not receive adequate notice of the hearing on the motion for sanctions. We agree and reverse.
It is undisputed that the only notice Ross received regarding the hearing on the motion for sanctions was provided by a telephone message left the day before the hearing. This was insufficient notice. See Fla. Admin. Code R. 28 106.208 (stating that for hearings involving disputed issues of material fact, the ALJ “shall set the time and place for all hearings and shall serve written notice on all parties”). The City and the DEP contend that the hearing did not involve disputed issues of fact, so notice was not required. We disagree.
“Although the concepts of due process in an administrative proceeding are less stringent than in a judicial proceeding, they nonetheless apply.” A.J. v. Dep’t of Health & Rehab. Servs., 630 So.2d 1187, 1189 (Fla. 2d DCA 1994) (citing Hadley v. Dep’t of Admin., 411 So.2d 184 (Fla.1982)). An evidentiary hearing is required before an action can be dismissed as a sanction for discovery violations. See, e.g., Belflower v. Cushman & Wakefield of Fla., Inc., 510 So.2d 1130 (Fla. 2d DCA 1987); Austin v. Papol, 464 So.2d 1338 (Fla. 2d DCA 1985). Due process requires adequate notice of the hearing to afford the wayward party an opportunity to be heard *475 on the question of whether the violations were willful or done in bad faith. Accordingly, we reverse and remand for a properly noticed evidentiary hearing on the City’s motion for sanctions.
Reversed and remanded.
ALTENBERND and DAVIS, JJ., concur.