BLACK, Circuit Judge,
specially concurring:
I concur in the result reached by the majority. I write separately to express my interpretation of Alabama law on “piercing the corporate veil” with respect to creditors. The majority suggests that, under Alabama law, a creditor can never be liable for a debtor’s obligations under a theory of piercing the corporate veil. I disagree.
In my view, Alabama law does extend liability under a veil-piercing theory to a creditor where the creditor exercises actual and total control over the debtor corporation. See Krivo Indus. Supply Co. v. Nat’l Distillers & Chem. Corp., 483 F.2d 1098, 1104-06 (5th Cir.1973).[1] In Krivo, the Fifth Circuit announced two elements for determining liability under the “instrumentality” doctrine: (1) “the dominant corporation must have controlled the subservient corporation” and (2) “the dominant corporation must have proximately caused [the] plaintiff harm through misuse of this control.” Id. at 1103. Elaborating on the first element, the Court explained that “the fact that the allegedly dominant corporation held no stock ownership interest in the allegedly subservient corporation has not precluded application of the ‘instrumentality’ rule where actual and total control has been otherwise established.” Id. at 1104 (emphasis in original). Further, as the majority acknowledges, the Court stated that “[i]f a lender becomes so involved with its debtor that it is in fact actively managing the debtor’s affairs, then the quantum of control necessary to support liability under the ‘instrumentality’ theory may be achieved.” Id. at 1105. The question, therefore, is one of control, regardless of whether the control was exercised by virtue of stock ownership, advances of credit, or otherwise.[2]
*1311 While I recognize Krivo did not cite Alabama case law for these propositions, the Court was bound to apply Alabama substantive law, and the Court explained that Alabama law had not yet delineated a precise test for determining liability. Id. at 1101, 1103. Further, the Court’s language concerning lender liability under an instrumentality theory is not merely dicta, as it is part of the rule of law the Court applied to determine the liability of the defendant-creditor. It was, therefore, necessary to deciding the case before it.[3] Although the Court ultimately did not impose liability on the defendant-creditor, its conclusion was based not on the defendant’s lack of stock ownership in the debtor corporation, but instead on the defendant’s lack of control over the debtor corporation. Id. at 1109. Further, the Alabama Supreme Court has since cited Krivo as precedential authority when discussing the instrumentality theory. See Kwick Set Components, Inc. v. Davidson Indus., Inc., 411 So.2d 184, 136 (Ala.1982). Although some jurisdictions deem an ownership interest a prerequisite to instrumentality or alter ego liability, Krivo demonstrates that Alabama is not one of those jurisdictions.
Nonetheless, I do not think the evidence raises a genuine dispute that Geer exercised actual, participatory, and total control of SunnData as required under Krivo. Krivo, 483 F.2d at 1105. Geer merely took an active part in the management of SunnData and, at most, had a controlling influence on the affairs of SunnData. Under Krivo, this is not sufficient for liability. Id. at 1105, 1106. Accordingly, while my interpretation of Alabama law differs from the majority’s, I concur in the result.

. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

. In Krivo, the creditor and the debtor were both corporations, whereas in the instant case, the creditor is an individual. Krivo, 483 F.2d at 1101. This distinction, however, does not affect the applicability of Krivo to the instant case.

. Naturally, before determining whether the defendant-creditor, National Distillers and Chemical Corp., Inc., was liable, the Court had to determine whether it could be liable. Given National Distillers’ status as a creditor, the Court had to decide whether it exercised "the quantum of control necessary to support liability under the ‘instrumentality’ theory.” Krivo, 483 F.2d at 1105.