# Third District Court of Appeal

## State of Florida

Opinion filed November 4, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0260
Lower Tribunal No. 17-27434
_____

**ESJ JI Operations, LLC, et al.,**
Appellants,

vs.

**Todd Domeck,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Law Offices of Scott Alan Orth, P.A., and Scott Alan Orth (Hollywood), for appellants.

Dorta Law, and Matias R. Dorta, for appellee.

Before SCALES, HENDON, and MILLER, JJ.

MILLER, J.

Appellants, ESJ JI Operations, LLC and ESJ JI Leasehold, LLC, challenge a final judgment granting attorney's fees and costs in favor of appellee, Todd Domeck. The decision below was predicated upon two timely served and procedurally compliant proposals for settlement, which were rejected by the respective appellant entities.  See § 768.79, Fla. Stat.  On appeal, appellants assign error in a purported deprivation of procedural due process.[1]  See Amend. XIV, U.S. Const.; Art. I, § 9, Fla. Const.  As "[t]he extent of procedural due process protections varies with the character of the interest and nature of the proceeding involved," and, here, the trial court afforded both notice and a meaningful opportunity to be heard, we affirm. Hadley v. Dep't of Admin., 411 So. 2d 184, 187 (Fla. 1982) (citation omitted).

"The fundamental requis[i]te of due process of law is the opportunity to be heard."  Grannis v. Ordean, 234 U.S. 385, 394, 34 S. Ct. 779, 783, 58 L. Ed. 1363 (1914) (citations omitted).  "To hold one bound by the judgment who has not had such opportunity is contrary to the first principles of justice."  Baker v. Baker, Eccles & Co., 242 U.S. 394, 403, 37 S. Ct. 152, 155, 61 L. Ed. 386 (1917).  However, "[d]ue process, 'unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.'"  Cafeteria & Rest. Workers Union v. McElroy, 367 U.S. 886, 895, 81 S. Ct. 1743, 1748, 6 L. Ed. 2d 1230 (1961) (citation

---

[1] The parties stipulated to the reasonableness of hourly rates and the hours expended in furtherance of litigation.

omitted). Instead, "due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484 (1972).

Here, after the appellant entities suffered an adverse final judgment, the trial court, entirely familiar with the contested issues by virtue of having presided over the underlying suit from its inception, convened a hearing on entitlement to fees. Both entities were furnished with reasonable notice in advance of the same. The record is devoid of any evidence to show the parties' oral presentations were unduly hampered, restricted, or curtailed in any manner. Indeed, the trial judge allowed additional written submissions and conducted yet another, albeit non-evidentiary, hearing.

Given these circumstances, appellants were afforded the requisite opportunity to be heard "at a meaningful time and in a meaningful manner," and due process was satisfied.[2] Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976) (citation omitted). Accordingly, and because the record lacks any demonstration that the lower tribunal abused its discretion in adjudicating the issue of good faith, we affirm the judgment under review.[3] See Ruiz v. Policlinica

---

[2] We summarily reject the contention that our decision in Miccosukee Tribe of Indians of Florida v. Lewis Tein P.L., 277 So. 3d 299 (Fla. 3d DCA 2019), required the trial court to conduct multiple evidentiary hearings in resolving fee entitlement.

[3] "Discretion . . . is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where

3

Metropolitana, C.A., 260 So. 3d 1081, 1089 (Fla. 3d DCA 2018) ("The offeree bears the burden of proving the offeror's proposal was not made in good faith.") (citation omitted); see also Matrisciani v. Garrison Prop. & Cas. Ins. Co., 298 So. 3d 53, 61 (Fla. 4th DCA 2020) (The "standard of review for whether a proposal for settlement was made in good faith is abuse of discretion.") (citation omitted); § 768.79(7)(a), Fla. Stat. ("If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith.").

Affirmed.

---

no reasonable man [or woman] would take the view adopted by the trial court." Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) (citation omitted).