838 So.2d 598 (2003)
Warren R. KUPKE, et al., Petitioner,
v.
ORANGE COUNTY, Respondent.
No. 5D02-1361.
District Court of Appeal of Florida, Fifth District.
February 7, 2003.
William G. Osborne, of William G. Osborne, P.A., Orlando, for Petitioners.
George L. Dorsett, Assistant County Attorney, Orlando, for Respondent.
John W. Costigan, Tallahassee, Amicus Curiae, for Florida Department of Agriculture and Consumer Services.

ON MOTION FOR RECONSIDERATION
HARRIS, C., Senior Judge.
We withdraw the previous opinion issued in this cause and substitute the following:
Kupke, a farmer in an extremely rural area, was cited by the Code Enforcement Board of Orange County with operating an unauthorized "junkyard" on his agricultural zoned land because he "stored" a bushhog, a bulldozer, a crane, a backhoe, and *599 various other equipment and materials outdoors at his farm. Section 823.14(4), Florida Statutes, provides that a farm operation, except under conditions not involved herein, shall not be considered a nuisance. The sole issue, then, before the Board was whether the equipment said to constitute a nuisance was protected as farm machinery and equipment.
At the hearing at which the violation was determined and Kupke was given 30 days to remove the offending items or pay a $250 per day fine, the County was permitted to call as many witnesses as it wished and yet limited what Kupke could offer and refused to permit him to present his proffered "testimony from people who do farming, that use heavy equipment." And although Kupke addressed the relevant issue, whether the challenged equipment was in fact used for farm purposes, the County's witnesses (four complaining neighbors) talked about contamination, fires, snakes and rats, etc. Even the County's inspector who testified admitted that she was not an expert on agricultural uses. These witnesses attempted to prove that this equipment, statutorily exempted from being a nuisance if it was used for farming purposes, was in fact a nuisance without first establishing that the equipment was not properly used for farm purposes.
O'Neil v. Pallot, 257 So.2d 59 (Fla. 1st DCA 1972), suggests that those tried by administrative bodies must be able to "present witnesses in their behalf and cross-examine witnesses against them." The court in Lee County v. Sunbelt Equities, II, Ltd. Partnership, 619 So.2d 996 (Fla. 2d DCA 1993), held that in quasi-judicial proceedings, the parties must be able to present evidence, cross-examine witnesses, and be informed of all the facts upon which the commission acts.
Here, if Kupke had been permitted to present the testimony of those farmers familiar with the use of heavy equipment in farming practices, the Board might have found that the bushhog was used to clear land for farming and that the backhoe and bulldozer and perhaps the crane were used to dig and maintain ditches and ponds necessary to or desirable for the farm operation. This denial of an opportunity to present evidence violated Kupke's due process rights.
Kupke appealed to the circuit court which found that the Board "provided procedural due process" and "observed the essential requirements of law" and denied relief.[1] Now a petition for writ of certiorari has been filed with this court. We recognize that our review authority is limited.[2] We must determine whether the circuit court afforded procedural due process and applied the correct law. The circuit appellate division did not inform us as to which law it used to affirm a decision which denied the petitioner the basic right to be heard before a property right was taken from him. We conclude, however, that whatever law was applied was misapplied and we therefore grant certiorari, quash the decision of the circuit appellate division, and remand for an order quashing the decision of the Code Enforcement *600 Board and requiring a new hearing in which Kupke must be given an opportunity to show, if he can, that in fact the challenged equipment has an agricultural use which meets the policy expressed by the legislature in section 604.001, Florida Statutes. In making its decision, the Board should consider subsection (6) of that act:
The laws and regulations that have caused problems for agricultural production in this state have been due primarily to a lack of adequate and informed consideration of the adverse impact such laws and regulations would have on efficient and profitable agricultural production in this state.
Certiorari is granted and the order of the appellate division is quashed and the matter remanded with instructions.
CERTIORARI GRANTED; ORDER QUASHED.
PETERSON, J., and COBB, W., Senior Judge, concur.
NOTES
[1] Section 823.14(3)(a), Florida Statutes, defines a farm as "the land, buildings, support facilities, machinery, and other appurtenances used in the production of farm products." Apparently the Code Enforcement Board did not consider this definition in determining whether the backhoe or bushhog, etc. may have been a part of the farm operation.
[2] However, in Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000), the Florida Supreme Court stated: "In essence, the supreme court has cautioned the district courts to be prudent and deliberate when deciding to exercise this extraordinary power, but not so wary as to deprive litigants and the public of essential justice."