PER CURIAM.
Petitioners, Carillon Community Residential Association, Inc., and Ken Hofer, its President, seek second-tier certiorari review of a circuit court order upholding the approval by the Seminole County Board of County Commissioners (“BCC”) of an amendment to the Carillon Planned Unit Development (“Carillon PUD”). The amendment allows a mixed-use development, including a four-story, 600 bed University of Central Florida student housing complex, to be built on two parcels of land adjacent to Petitioners’ subdivision. Based upon our limited scope of review, we conclude that the circuit court afforded Petitioners procedural due process and did not depart from the essential requirements of law. State Farm Fla. Ins. Co. v. Lorenzo, 969 So.2d 393 (Fla. 5th DCA 2007). Accordingly, we deny their petition.
We write further to address one issue which merits discussion, which is whether Petitioners were denied due process when the BCC denied their request to cross-examine witnesses at the quasi-judicial hearing in which the amendment was approved. The “core” of due process is the right to notice and an opportunity to be heard. LaChance v. Erickson, 522 U.S. 262, 118 S.Ct. 753, 139 L.Ed.2d 695 (1998); see also Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). When assessing whether or not a violation of due process has occurred “the court must first decide whether the complaining party has been deprived of a constitutionally protected liberty or property interest. Absent such a deprivation there can be no denial of due process.” Economic Dev. Corp. of Dade County, Inc. v. Stierheim, 782 F.2d 952, 953-54 (11th Cir.1986).
Due process is a flexible concept and requires only that the proceeding be “essentially fair.” See Gilbert v. Homar, 520 U.S. 924, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997) (recognizing that “it is now well-established that ‘due process unlike some legal rules is not a technical conception with a fixed content unrelated to time, place and circumstances’”) (quoting Cafeteria and Restaurant Workers Union, Local 473, AFL-CIO v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961)). The extent of procedural due process protection varies with the character of the interest and nature of the proceeding involved. There is, therefore, no single unchanging test which may be applied to determine whether the requirements of procedural due process have been met. Courts instead consider the facts of the particular case to determine whether the parties have been accorded that which the state and federal constitutions demand. Hadley, 411 So.2d at 187; see also, Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (citing Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (“[t]he formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings.”)).
The United States Supreme Court has held that there are three distinct factors to consider in the analysis of whether the due process accorded in any proceeding was constitutionally sufficient: 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used; and 3) the probable value, if any, of additional or substitute procedural safeguards. Mathews v. Eldridge, 424 U.S. 319, 334-35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The government’s interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail should also be considered. Id.
 When applying these general due process principles to the specific context of *10 quasi-judicial administrative hearings, it is important to distinguish between parties and participants. The extent of procedural due process afforded to a party in a quasi-judicial hearing is not as great as that afforded to a party in a full judicial hearing. Seminole Entertainment, Inc. v. City of Casselberry, 811 So.2d 693, 696 (Fla. 5th DCA 2001) (“Seminole I”); see also Hadley v. Department of Administration., 411 So.2d 184, 187 (Fla.1982). Consequently, such hearings are not controlled by strict rules of evidence and procedure. Seminole I at 696.
Nevertheless,, a party to a quasi-judicial hearing, by virtue of its direct interest that will be affected by official action, “must be able to present evidence, cross-examine witnesses, and be informed of all the facts upon which the commission acts.” Kupke v. Orange County, 838 So.2d 598, 599 (Fla. 5th DCA 2003) (citing Lee County v. Sunbelt Equities, II, Ltd. Partnership, 619 So.2d 996 (Fla. 2d DCA 1993)). For example, in Kupke, this court held that a farmer who had been cited for operating an unauthorized junkyard and was facing daily fines, was entitled to present witnesses in his defense as part of his basic right to be heard before a property right was taken from him. See also Seminole I (holding that party facing business license revocation was denied right to cross-examine witnesses against it).
Oftentimes, however, such quasi-judicial hearings are attended by more than just the parties. They are open to the public. In the case of rezoning hearings, neighboring landowners may attend and want to be heard on a proposed zoning change to a nearby property. Our court has previously stated that “[a] participant in a quasi-judicial proceeding is clearly entitled to some measure of due process ... The issue of what process is due depends on the function of the proceeding as well as the nature of the interests affected.” Water Servs. Corp. v. Robinson, 856 So.2d 1035, 1039 (Fla. 5th DCA 2003).
Petitioners incorrectly assert that Florida law requires that all participants in quasi-judicial proceedings be allowed to cross-examine witnesses. Florida law has no such requirement. In support of their assertion, Petitioners cite several cases appearing to require cross-examination in quasi-judicial proceedings. However, a close reading of these cases reveals that they cannot support such a broad proposition.
First, many cases asserted by Petitioners as broadly affording the right of cross-examination in quasi-judicial proceedings involved parties, not participants. Thus, any effort to extend application of such due process protections to participants is beyond the scope of the facts in those cases. See, e.g., Kupke (farmer facing fines for unauthorized use of property); Seminole I (business licensee facing license revocation); Sunbelt Equities (property owner applying for rezoning); Bd. of County Comm’rs of Hillsborough County v. Casa Development, Ltd., 332 So.2d 651 (Fla. 2d DCA 1976) (developer applying for water and sewer service); Harris v. Goff, 151 So.2d 642 (Fla. 1st DCA 1963) (landowners directly subject to zoning change).
Petitioners cite three cases which involve adjoining landowners and state that basic notions of due process in a quasi-judicial hearing include the right to cross-examine witnesses. Jennings v. Dade County, 589 So.2d 1337 (Fla. 3d DCA 1991); Hirt v. Polk County Bd. of County Comm’rs, 578 So.2d 415 (Fla. 2d DCA 1991); Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648 (Fla. 3d DCA 1982). However, none of these cases hold that an adjoining landowner has a due process right to cross-examine witnesses in a quasi-judicial rezoning hearing. To the contrary, Jennings states, in dictum, the *11 general proposition that parties to quasi-judicial hearings “must be able to present evidence, cross-examine witnesses, and be informed of all the facts upon which the commission acts.”[1] Then circuit judge Evander, in Schopke v. City of Melbourne, case no. 92-12637-AP, Eighteenth Judicial Circuit Court, Brevard County, correctly distinguished Jennings in addressing the same argument raised in this case. He stated:
[Pjetitioners contend the city council wrongfully refused to allow them the opportunity to “cross-examine” a particular Daily Bread representative at the July 14th public hearing. Such argument apparently arises from an over-broad and erroneous interpretation of Jennings v. Dade County, 589 So.2d 1387 (Fla. 3d DCA 1991). In Jennings, the court noted that the quality of due process required in the quasi-judicial zoning proceeding is not the same as that to which a party to a full judicial hearing is entitled. The court stated “a quasi-judicial hearing generally meets basic due process requirements if the parties have provided notice of the hearing and an opportunity to be heard. In quasi-judicial zoning proceedings, the parties must be able to present evidence, cross-examine witnesses, and be informed of all the facts upon which the (government agency) acts”.
The “parties” referenced in such opinion are the applicant and the government agency. The Jennings decision does not, in any way, recognize a right on behalf of all neighboring property owners to cross-examine any and all individuals who may speak for or against the zoning application. To recognize such a right on behalf of all “interested persons” would create a cumbersome, unwieldy procedural nightmare for local government bodies.
Petitioners cite one circuit court decision, Sorrento Ranches Homeowners Association, Inc. v. City of Venice, 15 Fla. L. Weekly Supp. 877 (Fla. 12th Cir.Ct.2008) as holding that “neighboring landowners” were denied their due process right to cross-examine witnesses in a quasi-judicial zoning proceeding. This decision was not binding on the circuit court in this case. In addition, it does not stand for the proposition asserted by Petitioners, as nowhere does it describe the petitioners in that case as “neighboring landowners.” It only describes them as residents of Sorrento Ranches, but it is not clear whether Sor-rento Ranches was part of the “46-acre tract of land” subject to the proposed zoning change. Without knowing the petitioners’ status in relation to the rezoning application, the decision offers no assistance.
The commission’s attorney denied the petitioners in that case an opportunity to cross-examine witnesses because they were not parties. If we were to infer from that statement, that the petitioners were in fact neighboring landowners, as Petitioners in this case assert, we would conclude that the issue was wrongly decided. Because the decision fails to apply the Mathews factors, we do not know what private interest the residents of Sorrento Ranches had that would have entitled them the level of due process afforded by the court.
In this case, the circuit court applied the correct law by thoughtfully considering and applying the Mathews factors. It stated:
[wjhile arguably the Petitioners’ enjoyment of their property will be impacted *12 by the action of the BCC, they are not being deprived of the use of their property, whereas, the developers have a compelling interest in developing the property in question. The risk of an erroneous deprivation is low. The Petitioners were able to present their witnesses. Furthermore, while the BCC did not permit the cross-examination, it did permit questions to be directed to the board, which in turn would address the questions to the appropriate individuals. Thus, while the questioning might not have been the form the Petitioners preferred, they were provided with an opportunity to present questions to the developer’s witnesses. Finally, land use hearings are not in the same form as traditional adversarial hearings during which opposing parties are clearly delineated and those entitled to cross-examine witnesses can be clearly identified. Rather, land use hearings are public hearings during which any member of the public has a right to participate. At the hearing in question, in addition to the witnesses for the developers and the petitioners, twenty-five community members spoke at the hearing. It would be impractical to grant each interested party the right to cross-examine the witnesses at such a hearing, especially in light of the fact that the BCC provides a procedure by which the witnesses can be questioned.
Finding that the circuit court afforded the parties procedural due process and applied the correct law, we deny the petition.
PETITION DENIED.
MONACO, C.J., PALMER and LAWSON, JJ., concur.

. In both Hirt and Coral Reef, the determinative issues before the courts were whether the underlying administrative proceedings were legislative or quasi-judicial in nature. In making those determinations, the courts in both cases noted that local ordinances expressly afforded "interested parties" the right to cross-examine witnesses in a quasi-judicial hearing. No such ordinance exists in this case.