KHOUZAM, Judge.
 

 Osanna S. and Nelson L. Carmona, proceeding pro se, appeal the denial of their motion for relief from judgment after summary judgment was granted in Wal-Mart’s favor. They argue that they were denied procedural due process at the summary judgment hearing because they did not receive a meaningful opportunity to be heard. Because the Carmonas were given both proper notice and a full and fair chance to argue their case, their rights to procedural due process were not violated and we affirm.
 

 On April 29, 2009, Mrs. Carmona was shopping at a Wal-Mart store in Cape Coral. A Wal-Mart loss prevention officer watched Mrs. Carmona place merchandise in the back compartment of her shopping cart and then place her purse over it. At the self-pay checkout register, Mrs. Car-mona paid for the items located in the large front compartment but did not scan or pay for the items beneath her purse.
 

 After Mrs. Carmona passed the last point of sale in the store, the loss prevention officer approached her, identified himself, and asked to search her belongings. The search revealed the unpaid merchandise, which Mrs. Carmona explained had been mistakenly overlooked in the checkout process. The loss prevention officer contacted the police, who arrested Mrs. Carmona for theft. Mrs. Carmona was
 
 *463
 
 charged by information with petit theft, but the Assistant State Attorney later entered a nolle prosequi in the case because the arresting officer was unavailable to testify on the date scheduled for trial.
 

 After the criminal case was dismissed, the Carmonas, acting pro se, filed a civil action against Wal-Mart, ultimately alleging five causes of action. Mrs. Carmona’s claims included malicious prosecution, slander, intentional infliction of emotional distress, and negligent hiring and retention. Mr. Carmona’s claim was essentially for loss of consortium. Wal-Mart moved for summary judgment on all five claims on October 13, 2010, and on the following day served the Carmonas with a notice of hearing scheduled for January 10, 2011. The Carmonas did not object to the scheduling or amount of time allotted for the hearing.
 

 At the hearing on the motion for summary judgment, each side received an opportunity to present its case. Wal-Mart began and focused on the dispositive issue of probable cause. Specifically, Wal-Mart relied on an affidavit Mrs. Carmona had prepared for the criminal case against her, in which she admitted to leaving the checkout area with unpaid merchandise. Wal-Mart also argued that because the Carmo-nas had not filed any affidavits or other evidence in support of their claims, it was entitled to summary judgment.
 

 After Wal-Mart had addressed each claim, Mr. Carmona spoke on behalf of both plaintiffs. He conceded that Mrs. Carmona had left with unpaid merchandise and therefore that Wal-Mart had probable cause to detain her. But he asserted that the loss prevention officer had included some of the paid items on the list of unpaid ones. According to Mr. Carmona, this misclassification should preclude granting summary judgment on Wal-Mart’s behalf. Once Mr. Carmona had described the plaintiffs’ position, the judge interrupted him to explain the evidentiary implications of a summary judgment proceeding and his view that the issue of probable cause was dispositive.
 

 The judge then allowed each side to respond once more. After each party adhered to its original arguments, the judge granted summary judgment in favor of Wal-Mart because the dispositive issue of probable cause had been conceded and no evidence was filed in opposition to Wal-Mart’s affidavits. The hearing lasted approximately thirty minutes, and the Car-monas did not request more time to prepare or explain their case. The Carmonas later filed a Motion for Relief from Judgment under Florida Rule of Civil Procedure 1.540(b), arguing that the court violated their procedural due process rights at the summary judgment hearing by denying them a meaningful opportunity to be heard. The motion was denied, and the Carmonas timely brought this appeal.
 

 The trial court did not err in denying the Carmonas’ motion for relief from judgment because their rights to procedural due process were not violated. “Procedural due process serves as a vehicle to ensure fair treatment through the proper administration of justice where substantive rights are at issue.”
 
 Dep’t of Law Enforcement v. Real Prop.,
 
 588 So.2d 957, 960 (Fla.1991). Procedural due process requires that each litigant be given proper notice and a full and fair opportunity to be heard.
 
 See, e.g., Vollmer v. Key Dev. Props., Inc.,
 
 966 So.2d 1022, 1027 (Fla. 2d DCA 2007);
 
 Cnty. of Pasco v. Riehl,
 
 635 So.2d 17, 18-19 (Fla.1994). The same protection is provided by both the Florida and United States Constitutions.
 
 N.C. v. Anderson,
 
 882 So.2d 990, 993 (Fla.2004).
 

 Although all litigants have a right to procedural due process, there is no uniform test to determine its application:
 

 
 *464
 
 The extent of procedural due process protection varies with the character of the interest and nature of the proceeding involved. There is, therefore, no single unchanging test which may be applied to determine whether the requirements of procedural due process have been met. Courts instead consider the facts of the particular case to determine whether the parties have been accorded that which the state and federal constitutions demand.
 

 Carillon Cmty. Residential v. Seminole Cnty.,
 
 45 So.3d 7, 9 (Fla. 5th DCA 2010)
 
 (citing Hadley v. Dep’t of Admin.,
 
 411 So.2d 184, 187 (Fla.1982)). To be sufficient, the notice must be “ ‘reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must ... convey the required information, and it must afford a reasonable time for those interested to make their appearance.’ ”
 
 N.C.,
 
 882 So.2d at 993
 
 (quoting Mullane v. Cent. Hanover Bank & Trust Co.,
 
 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). The proceeding itself must only be “essentially fair.”
 
 Carillon Cmty. Residential,
 
 45 So.3d at 9
 
 (citing Gilbert v. Homar,
 
 520 U.S. 924, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997)). The standard of review for an order denying a motion for relief from judgment under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of discretion.
 
 Leach v. Salehpour,
 
 19 So.3d 342, 344 (Fla. 2d DCA 2009).
 

 Here, the Carmonas were afforded both proper notice and a meaningful opportunity to be heard. It is undisputed that the Carmonas were served with notice of the summary judgment hearing approximately three months before the hearing took place. During the period of time between the date they received notice and the date of the hearing, the Carmonas raised no objections to either the scheduled date or duration of the hearing. As such, the notice provided to the Carmonas was constitutionally sufficient.
 

 The Carmonas focus on the second prong of the procedural due process analysis, arguing that because Mr. Carmona was interrupted during the hearing, they were not given a meaningful opportunity to be heard. This argument fails, however, because the hearing was conducted in a fair manner appropriate to the nature of the proceeding. Each party spoke for a comparable amount of time during the thirty-minute hearing. Each party was allowed more than one opportunity to argue its position, and both did so. The judge asked Mr. Carmona questions to help guide his argument and even explained the procedural and legal aspects of the case to him. Further, the Carmonas never asked for more time to speak; instead, Mr. Carmona asked the judge how to appeal his decision.
 

 On these facts, the trial court did not abuse its discretion in denying the Carmo-nas’ motion for relief from judgment. The Carmonas were provided three months’ notice of the hearing and did not object. The trial judge gave the Carmonas more than one opportunity to present their argument and even attempted to guide Mr. Carmona to the relevant issues. And summary judgment was granted only after the Carmonas conceded the issue of probable cause. Under these circumstances, we cannot say the Carmonas were denied due process.
 

 Affirmed.
 

 CASANUEVA and KELLY, JJ., Concur.