SILBERMAN, Chief Judge.
Norma Griffith appeals the circuit court order terminating the power of attorney given to her by her mother, Antonia Mel-horn, and the order denying Griffith’s motion to strike and set aside the order terminating her power of attorney. Because Griffith was never properly served in this action, we reverse.
Our very limited record contains allegations as to the following factual background. Antonia and Carl Melhorn had five children, four daughters who live in Florida and a son who lives out of state. Carl passed away in June 2008, leaving the care of Antonia to their four daughters. In October 2008, Antonia executed a durable power of attorney in favor of her youngest daughter, Norma Griffith. In February 2011, Antonia’s other daughters, Marlene Slade, Patricia Gash, and Anita Hoyle, filed a pro se petition to terminate Griffith’s power of attorney. They alleged that Griffith, among other things, withheld medical and financial information from the rest of the family, monopolized health care *984 decisions, and refused to allow family members to visit Antonia unless Griffith supervised. A hearing on the petition was set for March 18, 2011. Both the circuit court and Slade apparently sent notices of the hearing to Griffith, with Slade’s being sent by certified mail. However, no summons or other process was ever issued or served upon Griffith. Griffith did not appear at the hearing, and the circuit court entered an order on March 18, 2011, granting the petition and terminating her power of attorney.
On March 25, 2011, Griffith filed a motion to strike and set aside the order of March 18, 2011. She alleged that the plaintiffs failed to have process issued by the court and failed to serve process on her. The circuit court heard her motion on April 12, 2011. The circuit court denied the motion, and this appeal ensued.
The Supreme Court of Florida has described the relationship between service of process and personal jurisdiction as follows:
Both are necessary before a defendant, either an individual or business entity, may be compelled to answer a claim brought in a court of law. Personal jurisdiction refers to whether the actions of an individual or business entity as set forth in the applicable statutes permit the court to exercise jurisdiction in a lawsuit brought against the individual or business entity in this state. Service of process is the means of notifying a party of a legal claim and, when accomplished, enables the court to exercise jurisdiction over the defendant and proceed to judgment.
Borden v. E.-European Ins. Co., 921 So.2d 587, 591 (Fla.2006) (citations omitted). The procedure as to the issuance of process is set out in Florida Rule of Civil Procedure 1.070(a): “Upon the commencement of the action, summons or other process authorized by law shall be issued forthwith by the clerk or judge under the clerk’s or the judge’s signature and the seal of the court and delivered for service without praecipe.” Under section 48.031(l)(a), Florida Statutes (2010), “Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.” Rule 1.070(b) describes the individuals who may serve process and the mailing of proof of service. “Further, because of the importance of litigants receiving notice of actions against them, statutes governing service of process are to be strictly construed and enforced.” Shurmcm v. All Mortg. & Inv. Corp., 795 So.2d 952, 954 (Fla.2001).
Here, neither a summons nor other process was issued, and service of process was not accomplished. Griffith was sent a “Notice of Hearing” via certified mail. Although Florida Rule of Civil Procedure 1.070(i) provides that defendants may accept service of process by mail and waive formal service, the rule has strict requirements that were not followed here. For example, there is no evidence in the record that the “Notice of Hearing” was accompanied by the petition, requested that Griffith waive service of a summons, or informed Griffith of the consequences of compliance or failure to comply with the request to waive service. See id. Significantly, “[a] judgment entered without service of process is void and will be set aside and stricken from the record on a motion at anytime.” Myrick v. Walters, 666 So.2d 249, 250 (Fla. 2d DCA 1996) (quoting Kennedy v. Richmond, 512 So.2d 1129, 1130 (Fla. 4th DCA 1987)) (alteration added).
*985 We have also considered the possible effect of the notice requirements contained in section 709.08, Florida Statutes (2010). Section 709.08(5) provides in pertinent part as follows:
(a) A notice, including, but not limited to, a notice of revocation, notice of partial or complete termination by adjudication of incapacity or by the occurrence of an event referenced in the durable power of attorney, notice of death of the principal, notice of suspension by initiation of proceedings to determine incapacity or to appoint a guardian, or other notice, is not effective until written notice is served upon the attorney in fact or any third persons relying upon a durable power of attorney.
(b) Notice must be in writing and served on the person or entity to be bound by the notice. Service may be by any form of mail that requires a signed receipt or by personal delivery as provided for service of process. Service is complete when received by interested persons or entities specified in this section and in chapter 48, where applicable.
The statute does not contemplate an alternative method for service of process, but rather it addresses the notice referenced by section 709.08(4)(a), which provides: “Any third party may rely upon the authority granted in a durable power of attorney that is not conditioned on the principal’s lack of capacity to manage property until the third party has received notice as provided in subsection (5).” In other words, a notice may be issued that informs the recipient that a person may no longer have authority to act pursuant to a power of attorney. However, such notice is not sufficient to bring a person within the jurisdiction of a court for legal proceedings. Indeed, nothing in the statute suggests that it may be used instead of service of process to bring a person before the court.
Although we acknowledge the circuit court’s concern over the alleged behavior of Griffith, “[procedural due process requires that each litigant be given proper notice and a full and fair opportunity to be heard.” Carmona v. Wal-Mart Stores, E., LP, 81 So.3d 461, 463 (Fla. 2d DCA 2011). Griffith was afforded neither.
Because service of process was never properly accomplished or waived, we reverse the order terminating Griffith’s power of attorney and the order denying her motion to strike and set aside the order terminating her power of attorney.
Reversed.
LaROSE, J., Concurs.
WHATLEY, J., Dissents with opinion.