NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NIRAV C. PATEL,                          )
                                         )
            Petitioner,                  )
                                         )
v.                                       )          Case No. 2D14-4678
                                         )
KETAN KUMAR,                             )
                                         )
            Respondent.                  )
_____  )

Opinion filed June 29, 2016.

Petition for Writ of Prohibition to the Circuit
Court for Hillsborough County; Steven Scott
Stephens, Judge.

Stephen L. Romine of deVlaming, Romine &
Rivellini, LLP, Clearwater, and Kimberley M.
Kohn of Goudie & Kohn, PA, Tampa, for
Petitioner.

Valeria Hendricks, Tampa (withdrew after
briefing); Michael P. Maddux of Michael P.
Maddux, PA, Tampa (substituted as
counsel of record), for Respondent.


NORTHCUTT, Judge.


        Nirav C. Patel has petitioned for a writ of prohibition to prevent the circuit

court from proceeding in a civil action against him.  He claims immunity from the suit

under Florida's so-called Stand Your Ground law, section 776.032(1), Florida Statutes

(2008). The issue is whether someone who has successfully demonstrated that he has such immunity in a criminal proceeding must prove it again in a subsequent civil suit. We conclude that he need not do so, and we grant Patel's petition.

Patel was attacked by Ketan Kumar without provocation in a Tampa bar. Patel responded by striking Kumar's head near the left side of his face. Patel was holding a drink at the time, and the glass shattered on impact. Kumar suffered a severe permanent injury to his left eye.

The State charged Patel with one count of aggravated battery with a deadly weapon. At Patel's trial, the jury was erroneously instructed on felony battery as a lesser included offense, and it found him guilty of that crime. Owing in part to the incorrect instruction, the trial court granted Patel's motion for a new trial. The State appealed the new trial order, and this court affirmed. State v. Patel, 83 So. 3d 727 (Fla. 2d DCA 2011) (table decision).

Thereafter, the State filed a superseding information charging Patel with felony battery. Patel moved to dismiss the information, maintaining that he was immune from prosecution pursuant to the Stand Your Ground law. After an evidentiary hearing, the trial court granted Patel's motion. The State appealed, and again this court affirmed. State v. Patel, 132 So. 3d 234 (Fla. 2d DCA 2014) (table decision).

While the criminal case was pending, Kumar filed a lawsuit against Patel seeking damages for battery and negligence. Patel answered and asserted as an affirmative defense his immunity from civil actions under section 776.032(1). He moved for summary judgment on that ground, relying on the dismissal in the criminal case. At the time, the State's appeal of the dismissal was pending. The circuit court deferred

- 2 -

ruling on Patel's summary judgment motion until this court's decision in that appeal, theorizing that its outcome would determine whether Patel is immune from the civil action.

After this court's decision in the criminal appeal, a successor judge in the civil case heard argument on Patel's motion for summary judgment. The court initially granted Patel's motion, but on rehearing it accepted Kumar's argument that as a matter of procedural due process he was entitled to an evidentiary hearing on the immunity issue. Reasoning that the legislature would not have intended to enact a statute that violated the constitutional right to procedural due process, the court granted Kumar's motion for rehearing, set aside the summary judgment, and ordered an evidentiary hearing at which Patel must again establish that he acted lawfully when he struck Kumar and is immune from Kumar's civil action under the Stand Your Ground law.

That same month, the Third District held that a similarly situated defendant would have to litigate the issue of his immunity in a civil action notwithstanding that he had successfully done so in a previous criminal prosecution arising from the same incident. That court rejected the defendant's assertion that the prior determination was conclusive and binding in the lawsuit under the doctrines of res judicata and collateral estoppel. Prof'l Roofing & Sales, Inc. v. Flemmings, 138 So. 3d 524 (Fla. 3d DCA 2014).

We disagree with the analyses of the court below and of the Third District. And, of course, we reach a different result.

The legislature enacted the Stand Your Ground law in 2005, substantially altering the law governing justifiable use of force by abrogating the common law duty to

- 3 -

retreat before resorting to deadly force in self defense.  At the same time, the lawmakers enacted section 776.032, granting immunity to those who lawfully use force in self-defense.  Ch. 2005–27, § 4, at 200-02, Laws of Fla.  In pertinent part, section 776.032[1] provides:

> (1) A person who uses force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force . . . .  As used in this subsection, the term "criminal prosecution" includes arresting, detaining in custody, and charging or prosecuting the defendant.
>         . . . .
>
> (3) The court shall award reasonable attorney's fees, court costs, compensation for loss of income, and all expenses incurred by the defendant in defense of any civil action brought by a plaintiff if the court finds that the defendant is immune from prosecution as provided in subsection (1).

(Emphasis added.)

Our analysis of this statute is of course guided by the supreme court's opinion in Dennis v. State, 51 So. 3d 456, 458 (Fla. 2010), in which the court resolved a conflict among the district courts of appeal regarding the appropriate procedure for determining claims of Stand Your Ground immunity in criminal prosecutions.  The court applied the " 'cardinal rule' of statutory construction . . . 'that a statute should be construed so as to ascertain and give effect to the intention of the Legislature as expressed in the statute.' " Id. at 461 (quoting Reeves v. State, 957 So. 2d 625, 629 (Fla. 2007)).  It noted that the preamble to the law creating section 776.032 states: " '[T]he Legislature finds that it is proper for law-abiding people to protect themselves,

---

[1]Section 776.032 was amended effective June 17, 2014, to provide immunity to those who use or threaten to use force as permitted in sections 776.012, 776.013, or 776.031.  Ch. 2014-195, § 6, at 2594-95, Laws of Fla.

- 4 -

their families, and others from intruders and attackers without fear of prosecution or civil action for acting in defense of themselves and others.' " Id. at 462 (quoting ch. 2005–27, at 200).  Considering also that "[s]tatutory enactments are to be interpreted so as to accomplish rather than defeat their purpose," the court concluded that section 776.032 does not merely provide a defendant an affirmative defense to being convicted for using lawful force.  Rather, the statute "grants defendants a substantive right to assert immunity from prosecution and to avoid being subjected to a trial." Id. at 461-62 (quoting Reeves, 957 So. 2d at 629).

Thus, the Dennis court held, if the State charges a person with a criminal offense for using force, that person can assert Stand Your Ground immunity by filing a pretrial motion to dismiss the indictment or information under Florida Rule of Criminal Procedure 3.190(b).  The proponent is entitled to an evidentiary hearing at which he or she must prove the facts giving rise to the claimed immunity by a preponderance of the evidence.  Id. at 464.[2]

We state the obvious when we emphasize that the statute, not a court order at a pretrial hearing, is the source of Stand Your Ground immunity; as the Dennis court observed, the immunity is a substantive right conferred by the legislature.  Id. at 461-62.  As such, it may not be altered or impaired by the judiciary. See In re Amendments to Fla. Rules of Civil Procedure, 682 So. 2d 105, 105-06 (Fla. 1996) (recognizing the legislature's prerogative to enact substantive law); Timmons v. Combs,

---

[2]Likewise, when a claim of statutory immunity is raised for the first time in a civil action, the issue is properly determined at a pretrial evidentiary hearing at which the defendant must prove by a preponderance of the evidence that his or her use of force was lawful under sections 776.012, 776.013, or 776.031. See Pages v. Seliman-Tapia, 134 So. 3d 536, 538 (Fla. 3d DCA 2014).

608 So. 2d 1, 2-3 (Fla. 1992) (stating that a procedural rule cannot affect determination of a party's entitlement to attorney's fees, which is a substantive determination); Johnson v. State, 336 So. 2d 93, 95 (Fla. 1976) (noting that the Legislature has the power to enact substantive law under article III, section 1 of the Florida Constitution); see also Wilson v. Duval Cty. Sch. Bd., 436 So. 2d 261, 265 (Fla. 1st DCA 1983) (recognizing that immunity for state employees was within the legislature's exclusive power).

Further, according to the statute's plain language, the immunity arises in the instant that lawful force is employed; the statute declares that a person who uses force in accordance with the law "is justified" in doing so and "is immune." § 776.032(1) (emphasis added). Finally, the language of the statute also defines the scope of the immunity; it is for "the use" of such force and is from "criminal prosecution and civil action." Id. (emphasis added). Under the strict separation of powers mandated in article II, section 3, of the Florida Constitution, the courts may not alter the meaning of an unambiguous statute beyond its express terms or their reasonable and obvious implications. See Davila v. State, 75 So. 3d 192, 196 (Fla. 2011); Fla. Carry, Inc. v. Univ. of N. Fla., 133 So. 3d 966, 971 (Fla. 1st DCA 2013).

Thus, from a person's lawful use of force in a single incident springs a single immunity that encompasses all criminal and civil actions based on that conduct. The immunity does not depend on the manner by which it is invoked; the legislature prescribed none. Neither does it depend on the procedural mechanism devised by the courts for discerning it, as in Dennis. The immunity conferred by section 776.032 is a status that shields the actor against criminal and civil repercussions from the moment

- 6 -

he or she employs lawful force. As set forth in the preamble to the Stand Your Ground law, when using force to defend oneself or others from attackers, one may act "without fear" of being prosecuted or sued. Ch. 2005–27, Laws of Fla., at 200.

In Flemmings and in the proceeding below, the respective courts' rulings deviated from the Stand Your Ground immunity statute in the same basic way: they necessarily contemplated that a person who uses lawful force in a single incident may be immune from one proceeding but not immune from another. The immunity statute does not permit such inconsistency. The legislature has imbued a user of lawful force with immunity from both "criminal prosecution and civil action." By exposing their respective defendants to the danger that the immunity shields them from only one or the other, the Third District and the court below would severely circumscribe this substantive right in a manner that is beyond the power of the judiciary.

This might be seen more clearly by imagining that a person is set upon by many assailants at once and uses force to fend them off. If he is criminally charged with multiple counts, he would be shielded from all of them by proving his Stand Your Ground immunity in a single pretrial evidentiary hearing. Under the rulings of the court below and the Third District, however, he might still face numerous civil suits by his many alleged "victims," and he would be obliged to litigate the issue of his immunity in each one, again and again. Obviously, the results could differ from the criminal case and, indeed, from one lawsuit to another. Such a variable, inconsistent, and unpredictable form of immunity could not be what the legislature intended; certainly it would not induce anyone to act "without fear" in defense of oneself or others.

In the instant case, we fully understand the circuit court's concern for Kumar's procedural due process rights. But the court was mistaken to believe that this issue had any bearing on the proper construction of the statute. To the contrary, the statute does not prescribe, and its meaning does not depend on, a particular process by which Stand Your Ground immunity may be asserted or contested. That is left to the courts to devise. If Kumar has been denied procedural due process—if the courts have failed to craft or implement a process that adequately ensures the rights of all concerned—the fault is not in the statute, and the proper remedy is not in judicially abridging the substantive right conferred by the statute.

No such remedy could be properly applied in <u>this</u> case in any event. The alleged interference with Kumar's due process rights occurred not in this case, but in the criminal proceeding. And it is not even clear to us that Kumar was not accorded sufficient procedural due process at the immunity hearing in the criminal proceeding. As an alleged victim, he enjoyed Florida constitutional rights "to be informed, to be present, and to be heard when relevant, at all crucial stages" of the criminal case. Art. I, §16(b), Fla. Const. Those very rights are the essence of procedural due process. <u>See</u> <u>Carmona v. Wal-Mart Stores, E., LP</u>, 81 So. 3d 461, 463 (Fla. 2d DCA 2011), and cases discussed.

Moreover, there is no uniform test for assessing the application of the due process right. The proceeding itself must only be "essentially fair." <u>Id.</u> at 464 (citing <u>Carillon Cmty. Residential v. Seminole Cnty.</u>, 45 So. 3d 7, 9 (Fla. 5th DCA 2010) (citing <u>Gilbert v. Homar</u>, 520 U.S. 924 (1997))). As the Fifth District has observed:

> The extent of procedural due process protection varies with
> the character of the interest and nature of the proceeding

involved. There is, therefore, no single unchanging test which may be applied to determine whether the requirements of procedural due process have been met. Courts instead consider the facts of the particular case to determine whether the parties have been accorded that which the state and federal constitutions demand.

Carillon Cmty. Residential, 45 So. 3d at 9 (citing Hadley v. Dep't of Admin., 411 So. 2d 184, 187 (Fla. 1982)).

Here, we do not know the extent to which Kumar attempted to exercise his constitutional victim's rights at the evidentiary hearing in the criminal case, but from our limited record we are aware that he and his counsel were present and that he testified. We are aware that the State presented other witnesses, as well. And, of course, Kumar's and the State's interests were fully aligned on the immunity issue. We do not know the nature of Kumar's particular complaint about the process, nor do we know what he might have done differently if he was a formal party in the underlying case. In short, we have no basis for concluding that Kumar has actually suffered or been harmed by a denial of due process.

That said, it may well be incumbent on the judiciary to devise a more inclusive process for deciding a claim to Stand Your Ground immunity. But judicially weakening the immunity that has been mandated by the legislature simply is not an option.

As mentioned, we also find fault with the reasoning of the Third District in Flemmings, in which the court held that the common law affirmative defenses of res judicata and collateral estoppel did not preclude a victim's suit alleging assault even though the defendant previously had been found to be immune from criminal prosecution under the Stand Your Ground law. The court pointed out that both

affirmative defenses required, among other things, an identity or mutuality of parties, and that the plaintiff was not a party to the criminal proceeding in which it was determined that the defendant was immune.  <u>Flemmings</u>, 138 So. 3d at 527-28.

Further, the <u>Flemmings</u> court wrote that there was no basis for concluding that the legislature intended to abrogate or modify the mutuality elements of those defenses because the language of the Stand Your Ground law did not expressly say so. The court pointed to other statutes in which the legislature disregarded the common law mutuality requirement by expressly providing that convicted defendants were estopped from contesting certain factual matters in subsequent civil suits brought by non-parties to the criminal cases.  <u>Id.</u> at 528-29.

In contrast, the court wrote, the Stand Your Ground law contains no language evincing a legislative intent that a finding that a defendant is immune from criminal prosecution is determinative of that issue in a civil action brought by a non-party to the criminal case.  <u>Id.</u> at 529-30.  But then the court acknowledged that just the opposite is true:

> And while <u>such a reading might be implied from some language in subsections (1) and (3) of 776.032</u>, given the well-established jurisprudence that statutes should be construed strictly and in a manner such that "no change in the common law can be said to be legislatively intended unless the statute speaks plainly in such regard or cannot otherwise be given effect," we decline to infer such an intent. <u>Fullerton v. Fla. Med. Ass'n, Inc.</u>, 938 So. 2d 587, 592 (Fla. 1st DCA 2006).

<u>Id.</u> (emphasis added) (footnote omitted).

Significantly, the <u>Flemmings</u> court supported this last observation with a citation to a civil case.  But section 776.032 is part of the Florida Criminal Code.

- 10 -

§ 775.011, Fla. Stat. (2008). As such, it is subject to the rule of construction prescribed by the legislature in section 775.021(1), which states in regard to the "provisions of this code" that "when the language is susceptible of differing constructions, it shall be construed most favorably to the accused." Having conceded that the Stand Your Ground immunity statute is susceptible to a construction favoring the defendant, the Flemmings court was obligated by law to give it that construction. Indeed, it is the only possible reading of the statute that comports with the legislators' expressed purpose of enabling people to defend themselves and others from physical attacks "without fear" of attacks in the criminal and civil courts.

But beyond that, we believe the Flemmings court was mistaken to construe the immunity statute in the context of judicial doctrines addressing claim preclusion, as in res judicata, and issue preclusion, as in collateral estoppel. See Philip Morris USA, Inc. v. Douglas, 110 So. 3d 419, 432-33 (Fla. 2013) (explaining that res judicata precludes relitigating claims and collateral estoppel precludes relitigating issues); Mobil Oil Corp. v. Shevin, 354 So. 2d 372, 374 (Fla. 1977) (observing that collateral estoppel is a judicial doctrine). This statute does not expressly abrogate any aspect of those affirmative defenses because, unlike the other provisions to which the Flemmings opinion compared it, this statute is not concerned simply with precluding claims or issues. Section 776.032 affords a substantive right to immunity from criminal prosecutions and civil actions altogether. That is the abrogation of common law with which we are concerned here, and it is plainly and expressly set forth in the statute. The courts may not undermine this substantive right by twisting it to conform to purely judicial doctrines such as res judicata and collateral estoppel.

- 11 -

We grant Patel's petition and prohibit further proceedings on Kumar's civil action against him.  Also, pursuant to article V, section 3(b)(4) of the Florida Constitution, we certify that this decision is in direct conflict with the decision of the Third District Court of Appeal in <u>Professional Roofing & Sales, Inc. v. Flemmings</u>, 138 So. 3d 524 (Fla. 3d DCA 2014).

Petition granted; conflict certified.


WALLACE, J., Concurs.
BADALAMENTI, Judge, Concurring with opinion.


BADALAMENTI, Judge, Concurring.

I concur with the majority's well-reasoned conclusion that section 776.032(1), Florida Statutes (2008), immunizes Mr. Patel from the civil lawsuit brought by Mr. Kumar because Mr. Patel previously established Stand Your Ground immunity in a hearing held in connection with his criminal prosecution.  I write separately to emphasize additional textual indicators within section 776.032 that inform my decision.

In my judgment, the Florida Legislature spoke clearly in section 776.032 that it intended to modify the common law doctrines of res judicata and collateral estoppel so as to eliminate the common law's mutuality requirement.  <u>See</u> <u>McGhee v. Volusia County</u>, 679 So. 2d 729, 733 (Fla. 1996) (explaining that "a statute will not be construed to modify the common law unless such intent is evident or the statute cannot otherwise be given effect").  The majority's cogent analysis of the text of the statute,

- 12 -

against the backdrop of the bedrock principles of separation of powers and due process, leads to this conclusion.

In my view, the attorney's fees and litigation expenses provision set forth in subsection (3) of the Stand Your Ground immunity statute provides additional textual guidance that the legislature intended for there to be but one Stand Your Ground immunity hearing, despite the lack of mutuality of the parties between a criminal prosecution and a civil lawsuit. Specifically, section 776.032(3) mandates that the "court <u>shall</u> award reasonable attorney's fees, court costs, compensation for loss of income, and all expenses incurred by the defendant <u>in defense of any civil action</u> brought by a plaintiff, <u>if the court finds that the defendant is immune from prosecution</u> as provided in subsection (1)." (Emphasis added.) That is, a court "shall" award "all expenses" incurred by a defendant "in defense of any civil action brought by a plaintiff," if there was a prior determination of Stand Your Ground immunity in a "prosecution," where one of the parties—the State—was certainly not mutual to the parties to a civil action.

Although "prosecution" is not defined by the legislature within the Stand Your Ground section of chapter 776, it is difficult to imagine the legislature intended for it to mean anything but a <u>criminal</u> prosecution. In ordinary parlance, "prosecution" invokes in the common mind an understanding of a <u>criminal</u> prosecution. This leads to the conclusion that the legislature directed that a civil court must give deference to a criminal court's conclusion as to Stand Your Ground immunity prior to awarding civil litigation expenses and the like to the immunized defendant.

- 13 -

The text of section 766.032 yields but one logical statutory construction: the legislature intended that there be one Stand Your Ground immunity hearing, even though the parties to the subsequent civil action are different from the parties in the criminal prosecution. Had the legislature intended there be a separate hearing in a civil action, it would not have mandated the award of a defendant's civil litigation expenses, "if the court finds that the defendant is immune from prosecution as provided in subsection (1)." § 766.032(3). Thus, in my judgment, subsection (3) of the Stand Your Ground immunity statute provides additional textual guidance as to the legislature's intent for there to be only one Stand Your Ground immunity hearing and it thus abrogated the common law's mutuality of parties' requirement.