# Supreme Court of Florida

_____

No. SC16-1457
_____

**KETAN KUMAR,**
Petitioner,

vs.

**NIRAV C. PATEL,**
Respondent.

[September 28, 2017]

LAWSON, J.

This case is before the Court for review of the decision of the Second District Court of Appeal in Patel v. Kumar, 196 So. 3d 468 (Fla. 2d DCA 2016), which certified direct conflict with the Third District Court of Appeal's decision in Professional Roofing & Sales, Inc. v. Flemmings, 138 So. 3d 524 (Fla. 3d DCA 2014), regarding whether an immunity determination pursuant to the Stand Your Ground law in a criminal proceeding controls in a civil proceeding. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we agree with the Third District, which held that the Stand Your Ground law does not confer civil liability immunity to a criminal defendant based upon an immunity determination in the criminal case.

**BACKGROUND**

Ketan Kumar physically attacked Nirav Patel without provocation at a Tampa bar. Kumar, 196 So. 3d at 470. In reaction to Kumar's aggression, Patel struck Kumar's face with a cocktail glass, resulting in permanent loss of sight in Kumar's left eye. Id. After the State filed an information charging Patel with felony battery, Patel moved to dismiss the information, citing immunity from prosecution under the Stand Your Ground law. Id. The circuit court granted the motion, holding Patel immune under the law. The immunity finding in the criminal case is final. Id. at 471.

Kumar then filed a civil complaint in the circuit court against Patel for battery and negligence, demanding a jury trial. Id. at 470. Patel asserted as an affirmative defense the immunity found by the circuit court under the Stand Your Ground law and moved for summary judgment on the same ground. Id. at 471. The circuit court ultimately denied Patel's summary judgment motion and ordered an evidentiary hearing to determine Patel's immunity. Id. at 471.

Before this hearing could be held, Patel filed a petition for writ of prohibition with the Second District, arguing that the circuit court lacked jurisdiction over him in the civil case based upon the immunity determination in the criminal case. The Second District granted Patel's petition, holding that section 776.032, Florida Statutes (2008), guarantees a single Stand Your Ground

immunity determination for both criminal and civil actions and certifying direct conflict with Flemmings. Kumar, 196 So. 3d at 470, 472-73, 475.

## ANALYSIS

Questions of statutory interpretation are reviewed de novo. See Borden v. E.-European Ins. Co., 921 So. 2d 587, 591 (Fla. 2006). We first examine the statute's plain meaning, resorting to rules of statutory construction only if the statute's language is ambiguous. Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984).

The Stand Your Ground law in Florida eliminates the common law duty to retreat before using force in self-defense:

> A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force.

§ 776.012(1), Fla. Stat. (2008).[1] Section 776.032 also provides immunity for a person who lawfully uses force in self-defense:

> (1) A person who uses force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force . . . . As used in this subsection, the term "criminal prosecution" includes arresting, detaining in custody, and charging or prosecuting the defendant.
>
>        . . . .

---

1. The substance of the 2008 version of the statute is the same as that of the current version.

(3)  The court shall award reasonable attorney's fees, court costs, compensation for loss of income, and all expenses incurred by the defendant in defense of any civil action brought by a plaintiff if the court finds that the defendant is immune from prosecution as provided in subsection (1).

§ 776.032(1), (3), Fla. Stat. (2008) (emphasis added).  We have recognized that "the plain language of section 776.032 [of the Stand Your Ground law] grants defendants a substantive right to assert immunity from prosecution and to avoid being subjected to a trial."  Dennis v. State, 51 So. 3d 456, 462 (Fla. 2010).  The Legislature, however, did not suggest procedural mechanisms for invoking and determining Stand Your Ground immunity.  Necessarily, those procedures are being developed by the judiciary.

In both criminal and civil proceedings, the determination of whether a defendant is entitled to Stand Your Ground immunity has been made at pretrial evidentiary hearings where the defendant must prove that the immunity attaches by a preponderance of the evidence.  Id. at 460 (criminal case); Pages v. Seliman-Tapia, 134 So. 3d 536, 538 (Fla. 3d DCA 2014) (civil case).[2]  We recognize that a pretrial hearing cannot afford the immunity purportedly guaranteed by the plain

---

2.  A recent amendment to the Stand Your Ground law now places the burden on the State to prove by clear and convincing evidence that the defendant is not entitled to immunity from criminal prosecution.  § 776.032(4), Fla. Stat. (2017).

language of this statute in the criminal context, for the simple reason that there appears to be no way to do so in most cases.

For example, the statute purports to grant immunity from arrest, detention, and prosecution. § 776.032(1), Fla. Stat. But, in many situations, it would be impossible for law enforcement to secure a judicial immunity determination prior to arresting an individual suspected of killing or causing bodily harm to another (or attempting to do so). The law is clear that we expect officers to temporarily detain a person encountered under circumstances creating a reasonable suspicion of criminal activity. § 901.151, Fla. Stat. (2017). Then, if there is probable cause to believe that the person committed a felony, law enforcement is authorized to immediately effectuate the arrest, under section 901.15, Florida Statutes (2017), and should clearly do so when there is probable cause to believe that a person has committed a serious crime of violence against another. Cf. § 907.041(4)(c)5., Fla. Stat. (2017) (authorizing pretrial detention by court order when a suspect poses a risk of physical harm to the community). Probable cause to arrest for a crime of violence would include probable cause to believe that the suspect was not acting in self-defense; and, suspects will often claim self-defense even when the facts would not appear to support such a claim. This means that in most potential self-defense cases, a post-arrest and post-charging immunity determination, made when a defendant's counsel requests that determination, will be the best that we can do—

procedurally—considering the well-established body of law detailing the responsibilities of law enforcement officers, prosecutors, and judges.

In the civil context, there are also practical considerations and legal bars that prevent our current procedures from fully effectuating a civil immunity that protects a person from being sued at all, as the Stand Your Ground law purports to do. When a civil case is brought prior to a criminal case, there is currently no forum or mechanism that a potential civil defendant can use to preemptively secure an immunity determination. And, even where a criminal immunity determination is made prior to the filing of a civil suit, that determination cannot bind a potential civil plaintiff who is not a party to the criminal proceeding, as properly recognized by the Third District in Flemmings, 138 So. 3d at 527-29, because the law does not generally sanction binding a person to judicial determinations made in a proceeding to which he or she was not a party. See Topps v. State, 865 So. 2d 1253, 1255 (Fla. 2004) (explaining that at common law, in order for res judicata and collateral estoppel to apply, mutuality of parties or their privies must exist); Stogniew v. McQueen, 656 So. 2d 917, 919-20 (Fla. 1995) (holding, based upon "concerns over fairness to the litigants," that Florida will continue to adhere to the requirement of "mutuality of parties" before a litigant can be bound to a judicial determination from a prior case); Porter v. Saddlebrook Resorts, Inc., 679 So. 2d 1212, 1214-15 (Fla. 2d DCA 1996) ("Collateral estoppel principles are applicable

to a subsequent proceeding only if . . . the parties in the two proceedings were identical . . . .").

The Second District concluded that because the Stand Your Ground law clearly stated that it was granting immunity from being prosecuted or sued at all, the Legislature must have intended a procedure with one immunity determination and, therefore, unambiguously modified the doctrine of collateral estoppel to effect a single immunity determination. We reject this analysis for five reasons.

First, as already discussed, the statute is silent as to the procedure to be used for determining immunity, meaning that the "plain language" of the statute does not speak to this issue at all.

Second, because the statute purports to grant a substantive immunity that cannot, in practice, be accomplished by any procedure, we do not believe that the statute can be read as implying a mandate for any particular procedure.

Third, "a statute will not be construed to modify the common law unless such intent is evident or the statute cannot otherwise be given effect." McGhee v. Volusia Cty., 679 So. 2d 729, 733 (Fla. 1996); see State v. Egan, 287 So. 2d 1, 6 (Fla. 1973) ("It requires no citation of authority to support the rule that the common law is not to be changed by doubtful implication."). The Legislature knows how to modify the doctrine of collateral estoppel when that is its intent. For example, sections 772.14 and 775.089(8), Florida Statutes, expressly restrict the doctrine of mutuality of parties in order to estop defendants convicted of civil theft

- 7 -

from challenging certain issues adjudicated in criminal actions when sued civilly. See Stogniew, 656 So. 2d at 920. The Stand Your Ground law, by contrast, does not purport to modify the mutuality of parties doctrine, nor, for reasons already explained, does it express a clear intent to do so.

Fourth, the civil attorney's fees and costs provision in section 776.032(3) implies recognition by the Legislature that civil immunity will be determined separately in a civil proceeding. If this statute had clearly and unambiguously modified our common law such that the criminal immunity finding would be binding on potential civil litigants, it would be equally clear and unambiguous that anyone filing a suit for civil damages based upon the same incident for which Stand Your Ground immunity had been found in a criminal case could be subject to an attorney's fee sanction under section 57.105, Florida Statutes—rendering the fees and costs provision somewhat redundant in most cases (since criminal cases almost always proceed first and faster than civil cases). Additionally, the subsection (3) fees and costs provision seems to contemplate a recovery for litigating the immunity question in a more traditional fashion, in most civil cases (as opposed to having almost all civil cases subject to dismissal at the outset based upon a prior binding finding).[3]

---

3. The Second District read the language in subsection (3)—providing for civil fees and costs "if the court finds that the defendant is immune from prosecution as provided in subsection (1)"—as referring to the criminal immunity finding, based upon the reference to subsection (1). § 776.032(3), Fla. Stat. We

Finally, the 2017 amendment to the Stand Your Ground law creating different burdens of proof for criminal and civil immunity not only implies an understanding that separate immunity determinations will be made but also forecloses any argument, going forward, that the criminal "determination" could ever be binding in the civil proceeding. Even in a case where the State could not prove by clear and convincing evidence that the defendant was not entitled to immunity, the criminal defendant may not be able to prove by a preponderance of the evidence that he is entitled to immunity in the civil case.

## CONCLUSION

For these reasons, we approve the Third District's decision in <u>Flemmings</u> and hold that the Stand Your Ground law does not confer civil liability immunity to a criminal defendant who is determined to be immune from prosecution in the criminal case, and quash the Second District's decision in <u>Kumar</u>.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

---

believe the language to be more reasonably understood as referring to the civil immunity finding that will be made in the civil case because "the court" seems to be a reference to the civil court and its determination (as conveyed by use of the present tense), and because subsection (1) refers to both civil and criminal immunity.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

     Second District - Case No. 2D14-4678

     (Hillsborough County)

Michael P. Maddux of Michael P. Maddux, P.A.; and Thomas A. Burns of Burns, P.A., Tampa, Florida,

     for Petitioner

Stephen L. Romine of Romine Law, P.A., Clearwater, Florida; and Kimberley M. Kohn of Goudie & Kohn, P.A., Tampa, Florida,

     for Respondent