[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10727

Non-Argument Calendar

_____

DAVID L. HARRIS,
SHONDA T. HARRIS,

Plaintiffs-Appellants,

*versus*

FORT PIERCE POLICE DEPARTMENT,
KENNY NORRIS,
Deputy Chief,
 FORT PIERCE CITY MANAGER,
GAGLIANO,
Lt.,
JUAN ALVAREZ, et al.,
Police/C.S.U.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cv-14233-AMC

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

David and Shonda Harris, proceeding *pro se*, sued several defendants under 42 U.S.C. § 1983 for violating their civil rights. The district court dismissed the suit, so the Harrises appealed. But because the defendants were not properly served, the district court did not have jurisdiction over the Harrises' complaint. So it correctly dismissed the case. Thus, we affirm.

## I.

The Harrises sued several defendants (including, briefly, a police dog) in relation to their detention by Fort Pierce police in 2021. Roughly two and a half months later, the district court found no information in the record that the Harrises served the defendants, so it ordered the Harrises to serve them or show cause why the case should not be dismissed for failure to perfect service. In response, the Harrises filed notices of certified mail delivery. Later, the defendants moved to quash service of process under Fed. R. Civ. P. 12(b)(5). The district court granted the motion and dismissed the Harrises' complaint. This appeal followed.

## II.

When a district court dismisses a complaint for insufficient service of process, we review its legal conclusions *de novo* and its factual finding for clear error. *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 828–29 (11th Cir. 2007)). When the defendant challenges service of process, the plaintiff bears the burden of establishing its validity. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

## III.

A court does not have jurisdiction over a defendant who has not been served. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) (internal quotation marks omitted) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). And a defendant's actual notice does not "cure defectively executed service." *Albra*, 490 F.3d at 829 (citation omitted). Moreover, the flexibility we extend to *pro se* litigants does not excuse them from following procedural rules. *Id.* (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

"[T]he plaintiff is responsible for having the summons and complaint served within the time allowed" by "[a]ny person who is at least 18 years old and not a party" to the action. Fed. R. Civ. P. 4(c). Here, service had to be effected by "following [Florida] state law for serving a summons," "delivering a copy of the summons and of the complaint" personally to the defendants, "leaving a

copy" at their abode with "someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *Id.* at 4(e). If the plaintiff's requests, the court can order someone to serve the defendant on behalf of the plaintiff. *Id.* at 4(c).

The Harrises point to nothing in the record suggesting they delivered copies of the summonses and of the complaint to the defendants personally, to any person at their abodes, or to any authorized agent. Instead, their own filings suggest that they effected service by certified mail. As a general matter, that's not enough under federal law. *See* Fed. R. Civ. P. 4(e). Nor is it enough under Florida law: a plaintiff may serve a defendant by certified mail, but only if the defendant waives personal service. *See* Fla. R. Civ. P. 1.070(i); *Griffith v. Slade*, 95 So. 3d 982, 984 (Fla. Dist. Ct. App. 2012) ("Florida Rule of Civil Procedure 1.070(i) provides that defendants may accept service of process by mail and waive formal service."). The defendants did not waive personal service here.

And nothing in the record suggests that the Harrises requested the district court to order service for them. The Harrises argue for the first time in their reply brief that the district court improperly refused to issue summonses because the Harrises had not paid the filing fee. But this argument is refuted by the record. The Harrises paid the filing fee, and the district court issued summonses. But even though summonses were issued, the Harrises never requested service by U.S. Marshal, instead attempting to serve the defendants by certified mail.

Because the Harrises did not properly serve the defendants, the district court had no jurisdiction over their complaint. So it was right to dismiss their complaint. And because it had no jurisdiction, all the other issues in this appeal are moot. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

## IV.

For the foregoing reasons, the district is **AFFIRMED**.