# Third District Court of Appeal

## State of Florida

Opinion filed September 10, 2025.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D24-1814
Lower Tribunal No. 19-12136-FC-04

————————

**Jennifer Thompson,**
Appellant,

vs.

**John Vilches,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jason A. Reding Quiñones, Judge.

Jennifer Thompson, in proper person.

Holland & Knight LLP and Jessica S. Kramer (Tampa), for appellee.

Before EMAS, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Jennifer Thompson, the mother, challenges an order denying her motion to vacate a permanent injunction against domestic violence rendered in favor of appellee, John Vilches, the father of her two children. The permanent injunction followed closely on the heels of a temporary injunction and was entered by default after the mother failed to appear at the scheduled final hearing. The temporary injunction was based on events culminating in the mother's arrest for misdemeanor battery, specifically the fact that she struck the father in the head while objecting to him inflicting corporal punishment on their child. In the permanent injunction, the trial court temporarily awarded full custody of the children to the father, ostensibly reasonably anticipating the parties would further litigate timesharing issues in family court with proper consideration of all relevant statutory factors. See § 61.13, Fla. Stat. (2019).

On appeal, the mother argues that the denial of her motion due to a change in circumstances constitutes an abuse of discretion because the criminal trial court later determined she was immune from prosecution for battery under Florida's Stand Your Ground Law. See § 776.012(1), Fla. Stat. (2019). Given the lack of a record, we do not discern any abuse of discretion in the denial of the motion to vacate. See Kumar v. Patel, 227 So. 3d 557, 560 (Fla. 2017); see Applegate v. Barnett Bank of Tallahassee, 377 So. 2d

2

1152 (Fla. 1979) (affirming because record failed to show reversible error). We therefore affirm, but we do so without prejudice to further consideration of timesharing by the lower court, the domestic violence court, or the family court in any separately filed proceedings.

Affirmed.